**David Milton SPROUSE, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14295.**

Court of Criminal Appeals of Oklahoma.

May 15, 1968.

Simon B. Spradlin, Oklahoma City, for plaintiff in error on re-hearing.

G. T. Blankenship, Atty. Gen., W. Howard O'Bryan, Jr., Asst. Atty. Gen., for defendant in error.

ON RE-HEARING

NIX, Presiding Judge:

This cause was originally filed in this Court on May 3, 1967. The Attorney General filed a motion to dismiss on June 1, 1967, for the reason that the casemade did not contain a judgment and sentence. This cause was set for argument on the Motion on September 20, 1967, and no argument was presented to refute the motion—but to the contrary, the Court was advised that there was *not* a judgment and sentence on file in the District Court of Oklahoma County. The cause was submitted; and subsequently Dismissed by Opinion rendered on October 4, 1967, 432 P.2d 664. No Petition for Re-Hearing was filed, and this Court issued our Mandate on *October 20, 1967.* Not until *November 15, 1967,* was an application submitted to this Court to stay the Mandate, a Petition for Re-Hearing, and Application to supplement the casemade with the original judgment and sentence which had been found. On November 29, 1967, this Court heard argument and at that time the judgment and sentence was presented to this Court to be filed.[1] While this is quite an irregular procedure, this Court allowed the judgment and sentence to be filed with the casemade to permit the defendant to have his Constitutional right to an appellate review of his conviction. [This could have been done under the authority of Title 22 Okl.St.Ann. § 1073, providing for Post-Conviction Appeal, however, since the Court had all of the record on file, it was expeditious to review it at this time.] Both sides have submitted briefs to the Court on the assignments of error, and we will discuss them herein.

The Plaintiff in Error, David Milton Sprouse, hereinafter referred to as the defendant, was charged in the District Court of Oklahoma County, Oklahoma, with the crime of Taking Indecent Liberties with a Female Child Under the Age of Fourteen Years. He was tried by a jury, found guilty, and the punishment left to the Court. He was thereafter sentenced to Three Years in the penitentiary.

Defendant's first assignment of error is that the addresses of part of the State's witnesses were incorrect; and that this denied the defendant the right to locate them; that he should have been granted a continuance to enable him to interview these witnesses and plan rebuttal. From the record, at page 14 of the casemade, the following proceedings took place:

"THE COURT: Let the record show the jury is present in the box in open Court, the defendant is present in person and by her attorney, the state is present by the Assistant County Attorney. Are you ready to proceed?

MR. CUNNINGHAM: The state is ready.

MR. HAGLE: *The defendant is ready.* (Emphasis ours)

THE COURT: You may proceed.

MR. CUNNINGHAM: We would like to move the Court to change the information to show the last name of the prosecuting witness as D-a-r-r- instead of D-u-n-n-.

THE COURT: Is there any objections to that?

MR. HAGLE: *No.* (Emphasis ours)

THE COURT: We had better go back into my office.

\* \* \* \* \* \*

(The following proceedings were held in the Judge's office, outside the hearing of the jury.)

MR. CUNNINGHAM: Let the record show the State moves the Court to amend by interlineation the name of the complaining witness from Barbara Dunn, D-u-n-n-, as it appears now on the information, to Barbara D-u-r-r-. The name has been misspelled and the State assures the Court that this is in good

---

1. Title 22 Okl.St.Ann. § 1051, gives Court of Criminal Appeals corrective jurisdiction to correct casemade that does not reflect judgment and sentence.

faith, without any intention to misspell it. *The defendant's attorney has been advised of this and they have had occasion to talk to at least one and maybe two of the State's witnesses and have had ample opportunity to know this little girl's name.* (Emphasis ours)

MR. HAGLE: If the Court please, we object. The County Attorney has concealed these witnesses. He has shown the incorrect address for them. The defense has checked the addresses with these people and they do not live there.

MR. CUNNINGHAM: We had a hard time finding them, too.

THE COURT: Are the addresses correct?

MR. HAGLE: No, Your Honor.

MR. CUNNINGHAM: This case was filed in 1965 and they have since moved to Dell City. This address was correct when the case was filed and they all lived there at that time. They lived with the grand-mother at the time this happened. They have now moved into their own home.

THE COURT: From D-u-n-n- to D-u-r-r-? Is that right?

(Whereupon an off the record conference was held between the Court and the attornies.)

THE COURT: The objection is overruled under the authorities of Title 22, Section 406, and the cases cited thereunder.

MR. HAGLE: I would like to object to the endorsement as it stands on the information for the reason that the addresses are incorrect.

THE COURT: Overruled at this time with exceptions."

This offense took place *July 14, 1965.* The preliminary was held *September 8, 1965.* The same witnesses and their addresses were listed on the preliminary information. Only one of the witnesses testified at the preliminary, but the defendant could have called the other witnesses to the stand at that time. When the

defendant was bound over to District Court, the names and addresses were evidently copied from the preliminary information. The defendant was allowed to remain on bond, and the trial in District Court did not start until *October 24, 1966 —more than a year later.* The Assistant District Attorney stated, in chambers, that the addresses were correct at the time the charge was filed, but one witness had moved to Del City.

Counsel did not make known to the trial court he could not locate the witnesses before he announced ready for trial. Even during the discussion in chambers, counsel did not ask for a continuance or allege that his client would be prejudiced thereby, or that he did not know what the witnesses would testify to. His stated objection was: "I would like to *object to the endorsement as it stands on the information* for the reason that the addresses are incorrect." The only endorsement mentioned in the record before this Court was to correct the spelling of one witnesses name.

It is the opinion of this Court that the question was not sufficiently raised in the trial court, and that any irregularities were waived upon announcing ready for trial.

■ Both the defendant and the State cite the case of Sweet v. State, 70 Okl.Cr. 443, 107 P.2d 817 as authority for this assignment of error. At page 823, this Court stated:

"The purpose in furnishing the defendant with the names and addresses of the witnesses to be used by the State is to apprise him whom the witnesses are and where they may be found. If the defendant had not been able to locate the witnesses because of the incorrect addresses, he should have made his troubles known to the court before announcing ready for trial. But he did not do this. He waived any right he might have had to require the State to furnish more definite information as to the post office addresses of these

witnesses; and the court properly overruled his objection. Galbert v. State, 12 Okl.Cr. 571, 160 P. 332. See, also, State v. Frisbee, 6 Okl.Cr. 406, 127 P. 1091."

No error could be predicated upon the testimony of the witnesses in the instant cause, nor is it alleged that the defendant suffered any prejudice because the address of the witnesses were incorrect. Nor does counsel advise this Court which witness he is objecting to, or which witnesses had incorrect addresses.

Further, it is obvious from the record, that these were neighbors involved in this offense, not total strangers.

This Court is of the opinion that a year would be sufficient time to interview these witnesses, and if unable to find them, more than sufficient time to make this known to the trial court before trial. That the defendant did not make proper motion to the trial court prior to trial, but waited until after the trial had begun before bringing the question of incorrect addresses to the attention of the trial court—and then not on his own motion—but on the motion of the State to correct the spelling of one of the names, does not present a proper question to be determined on appeal.

Defendant's second and third assignment of error deal with the testimony of a police officer for the State at the time of sentencing. An examination of the record discloses that there were no objections to the police officer's testifying, and the defendant had a witness testify in his behalf at the same hearing. Sentencing was delayed a week for the defendant to produce another witness. He did not, and was sentenced on November 4, 1968. However, at page 109–110 of the case-made, the Honorable Clarence Mills stated:

"With all due respect to that officer's testimony, it was heresay testimony. *I am not going to consider heresay testi-mony.* It was what somebody told him if I recall."

It is a long established rule, that when the accused comes up for the pronouncement of sentence by the judge, it is a matter addressed to the sound discretion of the trial judge.

It is the further presumption that the trial judge, in arriving at the sentence, considered only that evidence which is competent and admissible and which has a material bearing on the aggravation or mitigation of sentence.

In the instant case, it is more than presumption, with the record reflecting the comment of the trial judge on the evidence which was introduced by the state through the police officer; and is quite obvious that this was not taken into consideration when the judge determined the sentence of the plaintiff in error.

As to the allegation that the sentence is excessive, this Court can hardly agree. The statute, Title 21 Okl.St.Ann. § 1123, provides a maximum sentence of Twenty (20) Years in the penitentiary for this offense. Inasmuch as the defendant received a sentence of Three (3) Years, it cannot be said to be excessive under the record here presented. In the case of Epperson v. State, Okl.Cr., 406 P.2d 1017, this Court held that a Ten Year sentence for this crime was not excessive.

We are, therefore, of the conclusion that the allegations raised herein do not constitute reversible error. It is the opinion of the Court that the Judgment and Sentence of the District Court of Oklahoma County be affirmed.

The Petition for Re-Hearing is Denied, and the Clerk of this Court is directed to issue the Mandate forthwith.

BUSSEY and BRETT, JJ., concur.