Albert ROBINSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–77–278.

Court of Criminal Appeals of Oklahoma.

Jan. 30, 1978.

Thomas W. Burns, Deputy Chief Public Defender, Stanley D. Monroe, Legal Intern, Tulsa County, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Duane N. Rasmussen, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

Appellant, Albert Robinson, hereinafter referred to as the defendant, was charged in the District Court, Tulsa County, Case No. CRF–76–1624, with the offense of Assault and Battery, With a Deadly Weapon, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 652. He was tried by a jury, convicted of the lesser included offense of Assault and Battery With a Dangerous Weapon, After Former Conviction of a Felony, in violation of 21 O.S. 1971, § 645, and sentenced to imprisonment in the State penitentiary for a term of ten (10) years. From this judgment and sentence the defendant has perfected a timely appeal to this Court.

Briefly stated the facts adduced at trial are as follows. On June 12, 1976, Thurman Dixon and a friend, Samuel Crossler, went to the apartment of Anna Mae Morris, at which time Dixon engaged in a dice game which was in progress. After playing for awhile, Dixon became involved in an argument with the defendant concerning a gambling debt. After being insulted by the defendant, Dixon gathered his winnings from the table and backed toward the door. At this point, the defendant pulled a knife from his pocket and started toward Dixon. The defendant then stabbed Dixon twice in the upper body.

Upon observing what was transpiring, Dixon's friend, Crossler, came to the aid of Dixon and pulled the defendant away from Dixon, stating that he had done enough. The defendant then departed, after stating, "That will teach you mother fucker, to quit fucking with me." As a result of his wounds, Dixon was hospitalized for a period of nine or ten days, approximately two days of which were spent in Intensive Care.

The defendant admitted being present at the dice game but denied having stabbed Thurman Dixon. He stated that, in fact, he did not even learn of the stabbing until the next day.

■ The defendant's first assignment of error is that the court erred in allowing the allegation of sentence given in a former conviction to be read to the jury without admonishing the jury to disregard it. First, we note that the two stages of what otherwise would have been a bifurcated proceeding were joined by the agreement of the State and the defense. Furthermore, the defendant had ample opportunity to read both pages of the information, and he failed to object until after the information had been read to the jury and the prosecutor's opening statement given. Therefore, we are of the opinion that even if it was improper to read the sentence,[1] the defendant

---

1. For a discussion of whether sentences received for prior convictions may properly be related to the jury, see *Jones v. State,* Okl.Cr., 554 P.2d 830 (1976), and *Brown v. State,* Okl. Cr., 496 P.2d 395 (1972).

waived the error. See, *Metoyer v. State,* Okl.Cr., 538 P.2d 1066 (1975). The proper procedure would have been for the defendant to move that the court strike the objectionable material from the information prior to its reading to the jury. See, *Metoyer v. State,* supra. See also, *Herndon v. State,* Okl.Cr., 552 P.2d 707 (1976); and *Barber v. State,* Okl.Cr., 388 P.2d 320 (1963). We further note that the portion of the information objected to by the defendant was subsequently stricken by the court and was not included in the instructions to the jury, although the jury was not admonished to disregard the sentencing.

■ The defendant's next three assignments of error are that the court erred in not granting a mistrial upon the District Attorney's reference to other crimes and intimations of parole violations by the defendant, that the trial court erred in refusing to grant a mistrial because of improper cross-examination of defendant by the District Attorney, and that the District Attorney made remarks during the closing argument that were improper and by their nature were so prejudicial as to have denied defendant a fair trial. That the prosecutor was at the very least overzealous is obvious from the outset. First, the prosecutor brought it before the jury that the defendant was on parole at the time of the alleged crime. He further brought out that in being in a gambling establishment, the defendant was in violation of his parole. As this Court stated in *Bell v. State,* Okl.Cr., 381 P.2d 167, 173 (1962):

"... The law does not make it any part of the jury's province to speculate on the defendant's conduct in the penitentiary, and the awards of grace he may receive because of good behavior. In fact, the jury's role is that of an arm of the judicial branch of the government, and the incarceration of a convict is one of administration for an arm of the executive branch of the government. To permit the jury to project itself in this manner into the executive branch of the government is clearly contrary to our constitutional concept of division of powers. ..."

See also, *Sam v. State,* Okl.Cr., 523 P.2d 1146 (1974); *Evans v. State,* Okl.Cr., 541 P.2d 269 (1975). We think that it is no less prejudicial to a defendant to have the idea of possible parole put in front of the jury through the circuitous means of referring to the fact that the defendant is already on parole from a prior conviction. Therefore, we think the prosecutor erred in putting before the jury the fact that the defendant was on parole at the time of the crime.

■ · Furthermore, the prosecutor on several occasions commented to the jury on defendant's veracity. On direct examination, the defense attorney asked the defendant if he had been convicted previously of the crime of murder, to which the defendant replied in the affirmative. Implying that the defendant had deliberately concealed a prior burglary conviction from the jury, the prosecutor on cross-examination asked the defendant, "Do you want to tell these folks now the whole truth—what other felony—." Again, in closing argument, the prosecutor said:

"Albert Robinson would like you to believe that he was the one who tried to settle the issues of this gambling house. He would like you to believe that after failing in these attempts to bring tranquility, that he left and when he left, the defendant (sic) was on the horseshoe or triangle—or the driveway. He would like you to believe that. He would like you to believe that so much that he has gone up and taken a sworn oath and lied to you to save his own name—"

The court sustained the defense's objection to that language, and the prosecutor assured the jury that whether or not the defendant was lying was for their determination.

The prosecutor also referred to the defendant as a "savage," and referring to the defendant's previous convictions, the prosecutor stated:

"Ladies and gentlemen, what do you think of a man whose (sic) been convicted for burglary? What do you think of a man whose (sic) been convicted of murder? What do you think it's worth that he should stab another man with the intent to kill him?"

The court overruled the defense's objection to that statement and also overruled the request for admonishment and for a mistrial.

Finally, in closing argument, the prosecutor said to the jury:

". . . Mr. Burns on voir dire, when I made the statement that you're not going to let the defendant hide behind this presumption of innocence if he's guilty and that if I prove it to you beyond a reasonable doubt that he's guilty and Mr. Burns said, there's nothing sinister about hiding behind the presumption of innocence. It's a corner of our system of justice. I couldn't agree with him any more. But folks, there is something sinister about a guilty man hiding behind that presumption of innocence. It's there to protect the innocent not the guilty. Don't let him do it."

There, the prosecutor was commenting directly upon the defendant's constitutional presumption of innocence. It is for the jury to determine whether or not a defendant is guilty, and it is not proper for the prosecutor to decide to whom the presumption applies.

In *Dupree v. State,* Okl.Cr., 514 P.2d 425 (1973), and *Ray v. State,* Okl.Cr., 510 P.2d 1395, 1401 (1973), this Court adopted the American Bar Association's Standard for Criminal Justice, "The Prosecution Function" and "The Defense Function", Section 5.8, which states in part:

" '(b) It is unprofessional conduct for the prosecutor to express his personal belief or opinion as to the truth or falsity of any testimony or evidence or the guilt of the defendant.

" '(c) The prosecutor should not use arguments calculated to inflame the passions or prejudices of the jury.

" '(d) The prosecutor should refrain from argument which would divert the jury from its duty to decide the case on the evidence, by injecting issues broader than the guilt or innocence of the accused under the controlling law, or by making predictions of the consequences of the jury's verdict.' "

In the instant case, the prosecutor violated all three of the standards stated above.

■ Under certain circumstances, we would consider these errors to be sufficient to require us to reverse the case. However, after reading the entire record we think that in light of the evidence presented, the prosecutor's prejudicial statements served to cause the jury to increase the sentence it rendered to the defendant rather than to aid it in determining defendant's guilt or innocence. The jury assessed a term of ten years' imprisonment, which was the maximum it could assess for the crime of which it found defendant guilty. Accordingly, we hereby modify this sentence to a term of five (5) years' imprisonment.

Furthermore, the judgment and sentence failed to reflect that the conviction was for assault and battery with a dangerous weapon, after former conviction of a felony. Therefore, the District Court Judge is directed to modify the judgment and sentence to reflect that the crime of which the defendant was convicted was after former conviction of a felony.

For the reasons stated above, the judgment and sentence of the trial court is hereby *AFFIRMED* as *MODIFIED.*

BUSSEY, P. J., and CORNISH, J., concur.