**Herman Hoyle NEAL, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-78-303.**

Court of Criminal Appeals of Oklahoma.

June 26, 1979.

As Corrected July 3, 1979.

Frank H. McCarthy, Asst. Public Defender, Tulsa County, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Danny K. Shadid, Legal Intern, for appellee.

## OPINION

CORNISH, Presiding Judge:

The appellant was convicted of Assault and Battery With a Dangerous Weapon,— 21 O.S.1971, § 645—in the District Court of Tulsa County, in Case No. CRF–77–2633. The incident out of which the charge arose was a fight in a tavern. The appellant, a 60-year-old man, called a woman a whore. Upon telling her husband, who was 38 years of age and weighed 240 pounds, he struck the appellant, and the appellant stabbed him.

■ In his first two assignments of error the appellant objects to remarks by the prosecutor. The initial incident assigned as error is the prosecutor's telling the jury during voir dire that the presumption of innocence is not meant to protect the guilty. We feel these remarks constitute reversible error. Both parties in this case cite *Robinson v. State*, Okl.Cr., 574 P.2d 1069 (1978), as authority. In *Robinson* the prosecutor made comments as to the presumption of innocence which are practically identical to the comments made in the present case. We did not reverse *Robinson* because other circumstances were present which led us to affirm. We did, however, consider these errors grave enough to warrant modification of the sentence and a severe criticism of the prosecutor.

In the present case, the same prosecutor with whom we found fault in *Robinson* again committed the same offense. This time, however, we do not believe that modification of the sentence can be an appropriate remedy. The evidence presented by the State was not overwhelming, and there were other errors committed as well.

■ The appellant also complains of several other statements by the prosecutor, which the appellant alleges were comments on his failure to take the stand, in violation of 22 O.S.1971, § 701. During the voir dire, the prosecutor made an explicit reference to the appellant's right to remain silent. Then, during the defense counsel's cross-examination of the victim, the following exchange occurred:

"Q. (By Mr. McCarthy) Did you tell Mr. Neal that you weren't trying to hurt him?

"A. No.

"Q. As far as he knew you were trying to hurt him?

"MR. LaSORSA: Now, Judge, the proper person to ask that question is the Defendant."

And in closing argument, the prosecutor said:

" . . . You have heard no testimony, ladies and gentlemen, not a shred of testimony that the Defendant was even hurt by this incident. Do you remember the questions of Mr. McCarthy [to the victim]? Well, did your ring cut his face? "Well, I don't know. "Was he hurt? "Why do you think Mr. McCarthy asked those questions? Because there still was a chance for the person to feel that he was in great bodily harm then he can act that way. You didn't hear any witness called on behalf of that man to tell you that he was in fear."

All three of these comments are error. The comment during voir dire was invited by the defense attorney's express statements that the appellant did not have to take the stand. However, the same cannot be said of the later statements. Whereas the voir dire comments by both attorneys are general discussion of a defendant's right not to take the stand, the prosecutor's statement that "the proper person to ask that question is the Defendant" is a *call* for the defendant to take the stand. Such a tactic cannot be considered proper under

any circumstances. As to the closing argument, it is true that we have held it not to be error to say that the State's evidence is uncontradicted. See, for instance, *Rowbotham v. State*, Okl.Cr., 542 P.2d 610 (1975). But each case must be weighed on its own facts; and in the instant case the only witness who could have testified that the appellant was in fear was the appellant himself. Therefore, this statement must also be considered an improper comment on the appellant's failure to take the stand.

 The only other assignment of error we will consider is the fourth. In that assignment the appellant maintains that he was prejudiced by the trial court's improper instruction on his right of self-defense. The instruction in question reads as follows:

"In this case, the defendant, as one of his defenses, says that at the time of the difficulty, he, the said defendant, was justified, and in doing as he did, he was acting in his own necessary self-defense to protect himself from the unlawful attack of his adversary, and when a person is unlawfully attacked in such manner as to induce in him a reasonable belief that he is in danger of losing his life, or of suffering great bodily harm, he is not required to retreat, but has the right to stand his ground and use whatever force that seems necessary to repel the attack in order to save himself from death, or to prevent, what appears to him, to be great bodily injury threatened to himself, but he should at the time use all reasonable means, apparant [sic] to a reasonable person under the cireumstances [sic], to avoid such danger, before injuring any person. It is not necessary for this defense that the defendant's danger should have been actual or real. All that is necessary is that the defendant, from his standpoint, and under all circumstances in the case, had reasonable cause to believe, and did honestly believe, there was imminent danger to his life or of great bodily injury being done to him, and in determining whether or not the defendant acted in his own necessary self-defense, you shall view the circumstances as they then existed from the standpoint of the defendant, and viewing the circumstances from the standpoint, you shall determine whether or not he was acting reasonably in his own necessary self-defense.

"Should you find from the evidence in this case that the defendant acted in his own necessary self-defense, or should you entertain a reasonable doubt thereof, you should give the defendant the benefit of such doubt and acquit him."

This instruction is confusing at best. It states that the appellant did not have a duty to retreat; but it then provides that he should have used "all reasonable means, . . . to avoid [the] danger." The prosecutor then compounded the confusion in his closing argument:

" . . . Let me go on with this Instruction that the Judge has properly given you. [Reads the instruction.] Well, first of all, he wasn't in any chance of being in danger of death. You know that. You know what happened out there or to retreat to what appears to him to be great bodily injury and ·threat to him three times maybe five, using the biggest figure of all the witnesses, the victim himself, no medical testimony that the man was even had a soreness of the face, talking about the Defendant, he should at the time use all reasonable means apparent to a reasonable person under the circumstances to avoid such danger before injuring any person. Did he make one reasonable attempt to avoid that injury? Did he make one reasonable offering? Hey, you have seen the knife earlier. I am going to use it if you hit me one more time. No, because he is not that kind of a man. . . ."

The law in Oklahoma is clear: There is no duty to retreat if one is threatened with bodily harm. *Fowler v. State*, 8 Okl.Cr. 130, 126 P. 831 (1912). While it is arguable that the appellant used excessive force under the circumstances, that was a question for the jury to decide, under proper instructions. As we have repeatedly stated, a defendant is entitled to an instruction on

his theory of defense, when there is evidence in the record to support it. *Holt v. State*, Okl.Cr., 278 P.2d 855 (1955). In the instant case, the appellant was denied that right when the trial court gave a confusing self-defense instruction and the prosecutor used it to argue that the appellant had not tried to retreat before defending himself.

The evidence in this case is not overwhelming. The appellant's claim of self-defense may or may not have been valid, and he was entitled to have the jury consider it. Under the instruction that was given and the closing argument that was made, however, we do not believe that the jury clearly understood the full nature of the appellant's right of self-defense. For that reason, and because of the misconduct of the prosecutor, we conclude that this conviction must be *REVERSED*. The case is *REMANDED* to the District Court for further proceedings not inconsistent with this opinion.

BRETT, J., concurs.

BUSSEY, J., concurs in results.