Leon Emory **PANNELL** and Michael Don Smith, Appellants,

v.

The STATE of Oklahoma, Appellee.

No. F–80–333.

Court of Criminal Appeals of Oklahoma.

Feb. 5, 1982.

---

T. Hurley Jordan, Public Defender, Demetri Anastasiadis, Asst. Public Defender, Oklahoma City, for appellants.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief, Appellate Crim. Div., Tomilou Gentry Liddell, Legal Intern, Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The appellants were jointly tried and convicted of Murder in the First Degree, in Oklahoma County District Court, Case No. CRF–79–1430. Each received a sentence of life imprisonment.

First it is asserted the trial court attempted to define "reasonable doubt" during voir dire of the jury. The appellants urge that as a consequence the request for a new jury panel should have been granted.

■ An attempt to define "reasonable doubt" by a trial judge is reversible error. *Jones v. State*, 554 P.2d 830 (Okl.Cr.1976). The phrase "reasonable doubt" is self-explanatory; definitions do not clarify its meaning, but rather tend to confuse the jury and should not be given. *Templer v. State*, 494 P.2d 667 (Okl.Cr.1972). In *Templer, supra*, we stated that the same logic should apply in attempts in voir dire examinations to explain to the jury what is meant by "reasonable doubt".

The trial court indicated to the jury that proof beyond a reasonable doubt is a higher standard than the civil case standard of proof by a preponderance of the evidence. While referring to the scales of justice, the trial court gestured to show the jury an imaginary tipping of the balance to demonstrate the difference between the two standards.

■ While we do not condone the reference and comparison to the civil case standard, we cannot say that the trial court's remarks during voir dire necessitate reversal, particularly since the same exposition did not occur during instructions. *Compare Wood v. State*, 557 P.2d 436 (Okl.Cr.1976).

During cross-examination the defense sought to discredit the testimony of State's witness Sesar Espinosa by showing the State had reduced his Driving Under the Influence charges in exchange for his testimony. Upon the defense's offer of proof the trial court determined there was no evidence to support the allegation of a deal and disallowed further inquiry into the matter.

■ We have consistently held that a witness may be cross-examined as to any matter tending to show bias or prejudice or circumstances under which one would be tempted to swear falsely. *Kennedy v. State*, 528 P.2d 317 (Okl.Cr.1974). Hence, the defense should have been allowed to cross-examine in this area. However, after reviewing the record we are of the opinion that the error was harmless.

Next we address the assertion that the defense was prejudiced when the trial court refused to allow counsel to interview State's witness, Linda Keith, out of court both before and after direct examination. The defense did not cross-examine the witness. Just prior to her testimony, the defense advised the court that the witness could not be located at the address furnished by the State approximately three weeks before trial.

■ We are of the opinion the defense had sufficient time to make this known to the court and to move for either continuance or postponement prior to trial. Instead the defense waited until after the trial had begun to raise the issue. Any irregularities were waived by not informing the court before announcing ready for trial that the witness could not be located at the endorsed address. *Sprouse v. State*, 441 P.2d 481 (Okl.Cr.1968).

■ In the fourth and fifth assignments of error the appellants challenge the admission of certain photographic exhibits. Exhibits Nos. 8 and 9, depicting the murder victim at the scene, show his body's position and the bullet wounds inflicted. Exhibits Nos. 12, 13 and 16 show points of entry and exit of bullets. None of the photographs are unduly gruesome or inflammatory. The photographs were relevant and had probative value which was not outweighed by danger of prejudice to the accused, and were properly admitted. *Utt v. State*, 595 P.2d 448 (Okl.Cr.1979).

■ Additionally, the appellants urge as error the admission of a photograph of a typical .25 automatic pistol during direct examination of the State's ballistics expert witness. The photograph was introduced to aid the witness in his explanation of the basic characteristics of a .25 automatic, which was the type of weapon used in the killing. The trial court in admitting the photograph stated to the jury that it was not offered as a picture of any weapon used in the case.

■ We adhere to the rule that a weapon is admissible *if* sufficient evidence exists from which a reasonable inference can be drawn that the weapon was used by the defendant to commit the crime. *Grizzle v. State*, 559 P.2d 474 (Okl.Cr.1977). We believe that the ballistics expert's testimony would have been adequate without being accompanied by the photograph of a similar but irrelevant weapon. However, on appeal the burden of establishing prejudice from the admission of incompetent evidence is upon the defendant. *Moser v. State*, 509 P.2d 184 (Okl.Cr.1973). We do not find the admission of the photograph was of such a highly prejudicial nature to the appellants that it denied them a fair trial.

■ In the sixth assignment of error the appellants claim the prosecutor went outside the record and injected his personal opinion during his closing argument. Cited as error is the comment that two of the bullet wounds in the victim's arm had been inflicted at a point in time and place shortly before the killing. Also complained of is the remark that the appellants had destroyed the murder weapons. These comments, however, were permissible inferences which could fairly be drawn from the evidence. *See Frazier v. State*, 607 P.2d 709 (Okl.Cr.1980). Another comment complained of was waived by the defense by its failure to object. *Jones v. State*, 555 P.2d 1061 (Okl.Cr.1976).

■ The appellants also raise as error the prosecutor's insinuation that the defense was hiding evidence when it had earlier objected to some of the State's evidence. The trial court sustained the defense's objection to this comment and admonished the jury to disregard the fact that anyone had made objections. Clearly the

prosecutor's remark was improper, but it does not appear to have determined the verdict. The court's admonishment to the jury not to consider the remark cured the error. *Kitchens v. State*, 513 P.2d 1300 (Okl.Cr.1973).

We find, too, that the prosecutor's remark that witness Espinosa had had his sister buy a pistol for him for his protection was a comment based on facts outside the record. However, when considering the evidence against the appellants, the remark cannot be said to have affected the outcome of the case. *Green v. State*, 611 P.2d 262 (Okl.Cr.1980).

The appellants' last two assignments of error deal with assertions that improper instructions were given.

First, their challenge to the trial court's instructions on first degree manslaughter is totally without merit. Those instructions contained the exact language of model instructions on first degree manslaughter this Court set forth in *Morgan v. State*, 536 P.2d 952 (Okl.Cr.1975). Likewise, the complaint that Instruction No. 10 is improper is meritless; it too stated the law as given in the model instructions.

The appellants next take issue with an instruction on self-defense similar to the one we denounced in *Neal v. State*, 597 P.2d 334 (Okl.Cr.1979). There we stated that an instruction on self-defense which contained language that an appellant did not have a duty to retreat, but then instructed that he should use all reasonable means to avoid the danger is "confusing at best."

The trial court here, however, also instructed in pertinent part:

... But one who is not the aggressor and is in a place where he has a right to be, when violently assaulted, or when by the hostile conduct or demonstration of another, he is induced to apprehend a design on the part of the latter to take his life or inflict upon him some great bodily harm may, without retreating, stand his ground and resort to the use of such force and violence as to him seems reasonably necessary for his own safety, even to the taking of life, and such killing will be justified on the ground of self-defense, even though such danger was not real, but apparent. And in this case, unless you shall find from the evidence, facts and circumstances, as disclosed during the trial, that the defendant was the aggressor, you will determine therefrom as to whether or not the defendant had reasonable grounds to apprehend that he was in imminent danger of losing his life or of receiving some great bodily harm at the time of the occurrence, and in so doing, you will view the same from the standpoint of the defendant who acted upon them, and from no other standpoint.

In *Neal, supra*, we reversed because the evidence was not overwhelming, the self-defense instruction was confusing and the prosecutor used it to argue that the appellant had not tried to retreat before defending himself. 597 P.2d at 337. We distinguish the present case on the basis that the subsequent instruction correctly stated the law.

The appellants also allege that the trial court failed to give instructions that the State has the burden to show that they were not acting in self-defense. The instructions, however, did place that burden on the State. There is no error.

Finally in appellant Smith's brief it is argued the court erred in its instructions on flight. The trial court's instructions conformed to those this Court approved in *Wilson v. State*, 96 Okl.Cr. 137, 250 P.2d 72 (1952). As these instructions accurately apprised the jury of the applicable law relevant to flight, we find no error. *Voran v. State*, 536 P.2d 1322 (Okl.Cr.1975).

The judgment and sentence of each appellant is AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.