Joyce Maxine **FIDDLER**, Appellant,

v.

**STATE of Oklahoma**, Appellee.

No. M–84–61.

Court of Criminal Appeals of Oklahoma.

Nov. 6, 1985.

As Corrected Jan. 27, 1986.

Larry A. Gullekson, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Deputy Chief, Criminal Division, Oklahoma City, for appellee.

OPINION

PARKS, Presiding Judge:

The appellant, Joyce Maxine Fiddler, was convicted of Negligent Homicide in the District Court of Rogers County, Oklahoma,

Case No. CRM–82–523. She was sentenced to a term of one (1) year imprisonment in the Rogers County Jail and assessed a fine in the amount of One Thousand ($1,000) Dollars. We affirm the judgment and sentence of the District Court.

On the morning of February 4, 1982 at approximately 7:35 a.m., appellant was driving her automobile in a westerly direction on U.S. Highway 169. While descending a hill which was 1.1 miles east of the Tulsa County line, appellant crossed over the center line of the highway and collided with two different automobiles. The driver of the second automobile involved in the collision sustained injuries from the accident which resulted in his death. Seven empty beer cans were found on the right floorboard of the appellant's automobile. The ambulance attendant at the scene of the accident testified that she observed the odor of alcohol in the appellant's vehicle and on her person.

## I.

In her first assignment of error, appellant contends the trial court erred in denying her oral motion for a continuance entered immediately prior to trial. It was argued at trial that her defense counsel was unprepared. We reject this first contention for two reasons. *First,* the motion for continuance was not properly preserved for judicial review. This Court has held on several prior occasions that a motion or application for continuance which is not properly preserved in the record and properly raised on appeal will not sustain an assignment of error. This Court stated in *Cunningham v. State,* 600 P.2d 337, 339 (Okl.Cr.1979):

> It is the responsibility of the defense attorney to preserve grounds for reversal in the record and failure to do so will generally be fatal on appeal. This Court will not assume facts not in the record and must conclude that no such motion was filed and that the issue was raised for the first time on appeal. [Citations omitted.]

*See also Abbott v. State,* 30 Okl.Cr. 98, 235 P. 550 (1925); *Griffin v. State,* 453 P.2d 278 (Okl.Cr.1969); *West v. State,* 433 P.2d 850 (Okl.Cr.1967); and *Fields v. State,* 364 P.2d 723 (Okl.Cr.1961).

*Second,* appellant failed to file an affidavit with the trial court in support of a motion for continuance. "Under the laws of this State defendant was required to file an affidavit with the trial court in order for the motion for continuance to be proper." *Hux v. State,* 554 P.2d 82, 85 (Okl.Cr.1976). It was further elucidated in *Nichols v. State,* 555 P.2d 70, 72 (Okl.Cr.1976):

> This Court has held on numerous occasions that a motion for continuance must be accompanied by an affidavit for continuance in compliance with 22 O.S. 1971, § 584, and 12 O.S. 1971, § 668. ... The record in the instant case reveals that a motion for continuance was heard by the trial court on the day before trial but does not indicate that an affidavit was filed in support of same. *The failure to file said affidavit is fatal.* [Emphasis added.]

For the reasons stated above, appellant's first assignment of error is without merit.

## II.

Appellant's second assignment alleges the trial court erred by not requiring the jury to assess and declare the appellant's punishment. We reject this contention, again, for two reasons. *First,* the jury, upon delivering a guilty verdict, chose to have the trial court assess the appellant's punishment, which the record indicates was unobjected to by the appellant. This Court has held on prior occasions that an objection to a verdict must be raised at the time the verdict is returned. In *Wilson v. State,* 94 Okl.Cr. 189, 237 P.2d 177, 183 (1951), this Court stated "for the record shows that no objection was made at the time the verdict was returned, but objection was made for the first time on motion for a new trial. The objection therefore came too late as has been repeatedly held by this Court." It was further stated in

*Spencer v. State*, 275 P.2d 329 (Okl.Cr. 1954):

> If counsel for the accused had thought that the verdict was irregular or not in proper form, he should have objected to its sufficiency at the time it was returned into court so as to give the trial court an opportunity to have the verdict corrected before the jury was discharged.

■ *Second,* the jury is under no statutory obligation to assess a defendant's punishment unless so requested by the appellant. The statutes which control this particular issue are found in 22 O.S. 1981, §§ 926, 927, and read as follows:

> § 926. In all cases of a verdict of conviction for any offense against any of the laws of the State of Oklahoma, the *jury may, and shall upon request of the defendant,* assess and declare the punishment in their verdict within the limitations fixed by law, and the court shall render a judgment according to such verdict, except as hereinafter provided. [Emphasis added.]

> § 927. Where the jury find a verdict of guilty and fail to agree on the punishment to be inflicted, *or do not declare such punishment by their verdict,* the court shall assess and declare the punishment and render the judgment accordingly. [Emphasis added.]

In the instant case, appellant made no request that the jury assess her punishment to be inflicted. This Court stated in *Frazier v. State*, 550 P.2d 952, 954 (Okl.Cr.1976), "[i]t is therefore our opinion that as no request was made for the jury to assess defendant's punishment in the instant case that the trial court's action of accepting the verdict, without the jury assessing punishment, was not error." *See also Thomas v. State*, 361 P.2d 1106 (Okl.Cr.1961). For the reasons stated above, appellant's second proposition of error is without merit.

### III.

■ The appellant's third assignment of error is that the trial court erred in not advising defendant of her right to a presentence investigation. This contention is wholly without merit. Under 22 O.S.Supp. 1982, § 982, a pre-sentence investigation is provided "[w]henever a person is convicted of a felony ..." Since the appellant, in the case at bar, was convicted of a misdemeanor, she is not entitled to a pre-sentence investigation, and no error was committed.

### IV.

■ The appellant's last assignment of error is that the court imposed cruel and excessive punishment by assessing the maximum penalty provided by law against appellant. Under 47 O.S.1981, § 11–903(b), The crime of negligent homicide is punishable by "imprisonment in the county jail for not more than one year or by fine of not less than One Hundred Dollars ($100.00) nor more than One Thousand Dollars ($1,000.00), or by both such fine and imprisonment." Considering the facts of this case, it does not shock the conscience of this Court to impose punishment, which is within the statutory limits.

Finding no merit to the assignment of errors presented, it is our opinion that the judgment and sentence of the District Court should be, and the same hereby is, AFFIRMED.