**Joseph William DUNAGAN, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–84–268.

Court of Criminal Appeals of Oklahoma.

March 4, 1987.

Rehearing Denied April 8, 1987.

Mark Barrett, Asst. Appellant Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, Joseph William Dunagan, was charged, tried and convicted in the District Court of Noble County, Case No. CRF–83–12, for the following offenses, all After Former Conviction of Two or More Felonies: Count 1, Kidnapping for Purposes of Extortion; Count 2, Feloniously Pointing a Weapon; Counts 3 and 4, Robbery With Firearms; and Counts 5, 6, 7, and 8, Shooting With Intent to Kill. The jury assessed the following sentences against the appellant: 150 years imprisonment for Count 1; 60 years imprisonment for Count 2; 125 years imprisonment for Count 3, 125 years imprisonment for Count 4; 140 years imprisonment for Count 5; 185 years for Count 6; 185 years imprisonment for Count 7; and 185 years imprisonment for Count 8; all sentences to be served consecutively. We affirm.

At 11:58 p.m. on February 22, 1983, Tonkawa Police Department recieved a call advising them that an alarm had been set off at the O'Kan Bit Company. An all-points bulletin was thereafter dispatched advising that two suspects were fleeing in two vehicles from the scene. Deputy Sheriff Bob Johnson heard the dispatch at his residence. Johnson, who was babysitting his two-year-old daughter, responded to the bulletin, accompanied by his daughter in the back seat of his vehicle. While proceeding down a wet and muddy road, Johnson's vehicle got stuck in the roadway. Johnson radioed Fireman Charles Conaghan for assistance. Before Conaghan arrived, Johnson was able to free his vehicle. Conaghan followed Johnson to insure Johnson would not again get stuck. Deputy Dave Rogers also joined the convoy at this point and the vehicles continued on until they approached one of the suspects' car stuck in the mud.

While the men were exiting their vehicles, a tractor approached the entrapped vehicle. The officers were unable to see the occupants of the tractor due to the vehicle's bright lights. The officers identified themselves and shined a spotlight on the tractor. The appellant, who was wearing a ski mask and holding a gun to a farmer's head, stepped out of the tractor and ordered the men to throw down their

weapons. Johnson was forced at gunpoint to throw the keys of the vehicles into the ditch and to lay face down in the mud.

In the meantime, Rogers returned to his vehicle to call for back-up assistance. Conaghan, however, was met by codefendant Hutchinson, also at gunpoint, from behind. The two men struggled and Conaghan lost his glasses and was unable to see. Conaghan was forced to lay face down in the mud as well. Since Conaghan was unarmed, he was left unattended. After waiting a few minutes, Conaghan ran toward a farmhouse to call for help. Codefendant Hutchinson then kept guard of Deputy Sheriff Johnson while the appellant and the farmer attempted to free their vehicle from the mud.

Deputy Sheriff Robert Randol arrived at the scene at that point and was met at his vehicle by Deputy Rogers. Codefendant Hutchinson forced Johnson at gunpoint toward the approaching car. Both Rogers and Randol were forced to throw their weapons into the ditch and lay face down in the mud. Hutchinson thereafter began taking the officers' wallets and personal effects from them. It was at this point that Johnson's two-year-old daughter, still in the back seat of the vehicle, began to cry. Hutchinson allowed Johnson to comfort his daughter. Upon entering his vehicle, Johnson retrieved his .357 magnum from underneath the seat. When codefendant Hutchinson approached the vehicle, Johnson shot Hutchinson, but the impact of the bullet did not knock him from his feet. Johnson fired again, shooting the pistol from Hutchinson's hand.

At this point, the appellant, still using the farmer as a shield, began firing in the officers' general direction. Deputy Sheriff Johnson exited his vehicle and noticed that Hutchinson had a second weapon. After disarming Hutchinson, Johnson heard the appellant warn he would kill the farmer if Johnson did not give up. Instead, Johnson attempted to shoot the appellant from behind the farmer; however, Johnson's bullet struck the farmer. The farmer slumped down, and the appellant propped the farmer up to continue to use him as a shield.

Deputy Rogers at this point retrieved his shotgun from the ditch and fired a shot in the appellant's direction. The appellant ceased firing and was thereafter apprehended.

### I.

■ In his first assignment of error, the appellant alleges that improper comments by the prosecutor during closing arguments deprived him of a fair trial. We disagree. Initially, we note that the appellant failed to object at trial to those comments he now finds objectionable. While some of the prosecutor's comments may have exceeded the bounds of propriety, we cannot say, upon a review of the record as a whole, that the comments were so prejudicial as to affect the fundamental fairness and impartiality of the proceedings. *Freeman v. State*, 681 P.2d 84 (Okl.Cr.1984); and *Glass v. State*, 701 P.2d 765 (Okl.Cr. 1985). Accordingly, we refuse to reverse or modify the appellant's sentences. This assignment of error is without merit.

### II.

In his second assignment of error, the appellant contends the trial court erroneously admitted improper evidence against him. The appellant first challenges the admission of a police report and radio log which allegedly contained hearsay concerning other crimes. We reject this contention.

■ Hearsay, as defined by the Oklahoma Evidence Code, "is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted...." 12 O.S.1981, § 2801(3). The police report and radio log was offered into evidence in the case at bar only to illustrate the reason for Deputy Sheriff Johnson's pursuit of the appellant, and was not, therefore, inadmissible as hearsay. *Accord Medina v. State*, 606 P.2d 597 (Okl. Cr.1980). Furthermore, the trial court carefully admonished the jury at the time of the admission of the report that it was admitted only for that limited purpose.

■ The appellant also challenges the report and log on the grounds that it contained evidence of other crimes and should have been excluded. We reject this contention as well. First, it appears the State properly provided the appellant with the requisite ten day *Burks*[1] notice of intent to offer evidence of other crimes. Therefore, the appellant was not surprised by such evidence and had sufficient time to prepare a defense against the alleged other crimes. Secondly, this Court has held that evidence of other crimes may be admissible where they form a part of an "entire transaction" or where there is a "logical connection" with the offenses charged. *Bruner v. State*, 612 P.2d 1375 (Okl.Cr.1980). In the case at bar, the other offenses mentioned in the police report and log were the crimes which led to the appellant's apprehension and arrest and were properly admitted into evidence. We further note that the trial court submitted a comprehensive limiting instruction on other crimes evidence in the jury charge. Therefore, we fail to find prejudice in the admission of such evidence.

Finally, the appellant challenges the admission of several weapons into evidence, arguing that the weapons had no significant probative value. The appellant specifically challenges the admission of Deputy Rogers' shotgun into evidence since the weapon was never shown to be in the appellant's, or his codefendant's, possession.

This Court has said that "evidence will not be rejected because of its alleged remoteness where it appears relevant to the offense charged and its admissibility rests in the sound discretion of the trial court." *Frye v. State*, 606 P.2d 599, 604 (Okl.Cr. 1980). Specifically, however, "a weapon is admissible *if* sufficient evidence exists from which a reasonable inference can be drawn that the weapon was used by the defendant to commit the crime." *Pannell v. State*, 640 P.2d 568, 571 (Okl.Cr.1982).

■ In the instant case, there is no evidence in the record which supports the admission of the weapon into evidence. The record reveals that the appellant and his codefendant never used the shotgun in the commission of any of the offenses for which they were charged. Therefore, it was error to admit this weapon into evidence. "However, on appeal the burden of establishing prejudice from the admission of incompetent evidence is upon the defendant." *Pannell, supra* at 571. The appellant has not demonstrated to this Court any prejudice that the admission of this evidence contributed to his conviction. Accordingly, the error is harmless and reversal is not required. *See Frazier v. State*, 607 P.2d 709 (Okl.Cr.1980). In light of the more than substantial evidence against the appellant, we find that modification is not warranted. Therefore, the appellant's second assignment of error is without merit.

### III.

■ In his third assignment of error, the appellant challenges the amendment of the information as reversible error. After the case was called for trial and both sides announced they were ready to proceed, the State moved, over defense objection, to amend the information by interlineation to charge the appellant as "acting in concert" with his codefendant. The State's motion was granted. The record reveals that the appellant was charged in the initial information as acting in concert with his codefendant. The amended information on file just prior to trial had no such allegation, and the appellant was charged as a principal. At trial, however, the defense counsel stated he was prepared to proceed only as to the information on file prior to the in-court amendment. We find the appellant's contention wholly without merit.

Title 22 O.S.1981, § 432 provides:

The distinction between an accessory before the fact and a principal, and between principals in the first and second degree, in cases of felony, is abrogated, and all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, must be prosecuted, tried had punished as principals, *and no addi-*

---

1. *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979).

*tional facts need be alleged in any indictment or information against such an accessory than are required in an indictment or information against his principal.* [Emphasis added.]

Accordingly, the appellant was sufficiently apprised of the charges against him before trial, especially considering the fact that he was originally charged as "acting in concert" with his codefendant. Therefore, "[s]ince the indictment may charge an accused as a principal and need not specifically allege that he aided and abetted in the commission of the crime, we find this assignment of error to be without merit." *Bowen v. State,* 606 P.2d 589, 596 (Okl.Cr. 1980).

### IV.

In his last assignment of error, the appellant contends the trial court committed reversible error by failing to instruct the jury *sua sponte* on the lesser included offenses to counts 5, 6, 7, and 8. We note that the appellant failed to object to the instructions and submit requested instructions to the trial court. In general, such failure constitues waiver of the assignement of error. *Maghe v. State,* 620 P.2d 433 (Okl.Cr.1980).

In support of his proposition, however, the appellant cites *Brown v. State,* 674 P.2d 46 (Okl.Cr.1983). In *Brown,* this Court held that the evidence presented at trial tended to show the commission of a lesser degree of the crime charged, and the failure of the trial court to *sua sponte* instruct on the lesser included offense was reversible error. This case is clearly distinguishable from the case at bar.

"This court has long held that an instruction on a lesser included offense need only be given when there is evidence that tends to prove the lesser included offense was committed." *Campbell v. State,* 640 P.2d 1364, 1366 (Okl.Cr.1982). Moreover, "[i]t is within the trial court's discretion and responsibility to consider the evidence and to determine whether other such evidence exists to warrant instructions of a lesser degree." *Sanders v. State,* 556 P.2d 611 (Okl.Cr.1976). Finally, jury instructions are within the discretion of the trial court,

whose decision will not be disturbed on appeal where the instructions given, taken as a whole, fairly and accurately state the applicable law. *Allison v. State,* 675 P.2d 142 (Okl.Cr.1983).

 In the case at bar, the evidence presented at trial did not tend to show the commission of a lesser degree of the crimes. We cannot say that the trial court abused its discretion by failing to instruct, *sua sponte,* on the lesser included offenses. Moreover, since the instructions given fairly and accurately stated the applicable law, we will not reverse. Accordingly, this assignment or error is also without merit.

Finding no merit to the appellant's assignments of error, the judgement and sentences of the District Court should be, and hereby are, AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.