Joe HUNTLEY, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–295.

Court of Criminal Appeals of Oklahoma.

Feb. 17, 1988.

Gloyd McCoy, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, Joe Huntley, was tried by jury in Seminole County District Court, Case No. CRF–82–106, and convicted of Assault and Battery with a Dangerous Weapon, After Former Conviction of a Felony (21 O.S.1981 §§ 645 & 51), before the Honorable Ronald L. Jones, District Judge. The jury set punishment at ninety-nine (99) years imprisonment. Judgment and sentence was imposed in accordance with the jury's verdict. We affirm.

Bessie Davis, a neighbor of the victim, saw appellant pass by her house in Wewoka on July 7, 1982. She noticed he was carrying a whiskey bottle. Davis saw appellant go to the house of the victim, Alberta Gordon. She went to Mandy Tigert's house, then she and Tigert heard the victim scream. Davis went to the victim's house, where she saw appellant straddling the victim. Both the bottle and the victim were covered with blood. Appellant then ran off, and was later arrested for public drunkenness. Wewoka Police Captain Jeff Crosby testified that appellant had blood on his chest and hands, yet he bore no discernible wounds. He found a bloody bottle on the porch of the victim's house. Gordon, the victim, testified that appellant became angry and hit her repeatedly with a bottle because she would not fix him a sandwich. Dr. Charles Clinton Smith testified that he treated the victim for head lacerations. The wounds required stitches, but there was no skull damage. He thought the wounds were made by a sharp instrument. He described the victim as inebriated and somewhat hostile. Appellant presented no witnesses.

■ For his first proposition of error, appellant claims that there was insufficient evidence at trial to sustain a conviction of assault and battery with a dangerous weapon. We disagree. The facts above reveal the following. One witness saw appellant go to the victim's house, then heard a scream. She saw appellant standing over the victim with a bottle in his hand. Appellant had blood on him when he was arrested, yet he himself was uninjured. A bloody bottle was recovered from the scene. Additionally, the victim testified that she was beaten by appellant. Both the victim and the witness were positive in their identification of appellant. After reviewing this evidence in the light most favorable to the prosecution, we believe that a rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. *Spuehler v. State,* 709 P.2d 202, 203–04 (Okl.Crim.App. 1985). This proposition is without merit.

Appellant next claims that the trial court erred in failing to instruct the jury on the lesser included offense of simple assault and battery. He claims that because there was conflicting testimony indicating that a sharp instrument was used to inflict the wounds instead of a bottle, an instruction was required for the lesser included offense.

■ We first note that no such instructions were requested. Failure to request a lesser included instruction waives consideration of the issue on appeal, absent fundamental error. *Dunagan v. State,* 734 P.2d 291, 295 (Okl.Crim.App.1987). We see no such error here. A lesser included instruction should be given when the evidence tends to prove that the lesser offense was committed, *Dunagan, supra,* but are otherwise left to the discretion of the trial court. This discretion will not be overturned if the instructions given, when taken as a whole, fairly and accurately reflect the applicable law. *Goodwin v. State,* 730 P.2d 1202, 1205 (Okl.Crim.App.1986). Here, testimony conflicted as to whether a bottle—a blunt-edged instrument—or a sharp instrument with a ragged edge was used. In either case, it is evident that more than appellant's hands were used. An instrument with a sharp, ragged edge is just as dangerous as a bottle. Therefore, assault and battery with a dangerous

weapon was properly charged. This proposition is without merit.

■ For his third proposition of error, appellant claims that improper comments by the prosecutor and witnesses deprived him of a fair trial. None of the comments cited were preserved by objection, and are therefore waived on appeal unless they amount to fundamental error. *Stevenson v. State*, 647 P.2d 437, 439 (Okl.Crim.App. 1982). *See also Myers v. State*, 623 P.2d 1035, 1036 (Okl.Crim.App.1981). We have examined the comments in the record available to us and do not feel that they rise to that level.

■ Appellant next claims that he was denied effective assistance of counsel. He bases his claim on the fact that counsel failed to object to improper comments both during the trial and during closing argument made by the prosecutor and witnesses. Regarding comments made during trial, we need not address whether counsel's level of performance was deficient, *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), because we feel that, in light of the evidence presented against appellant, he was not prejudiced by any deficient performance. *Id.*

■ Of more interest is appellant's claim that his counsel was ineffective in failing to request that a transcript be made of closing arguments. Appellant says that statements were made by the prosecutor during closing argument that prejudiced the jury against appellant, and claims that by not requesting a transcript of closing arguments to be made, counsel precluded review by this Court. Appellant implies that because the remarks rose to the level of fundamental error, reversal would be warranted, thus changing the outcome of his conviction. We are not persuaded.

We begin with the strong presumption that trial counsel is competent. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. Every presumption favors regularity of procedure in the trial court. *Tuggle v. Page*, 427 P.2d 439, 441 (Okl.Crim.App. 1967); *Ex Parte Matthews*, 85 Okl.Crim.

173, 186 P.2d 840, 843 (1947). Appellant does not assert that any objections were made during the closing arguments. This failure to object would constitute a waiver of appellant's right on direct appeal absent fundamental error. *Myers, supra* at 1036. In light of these presumptions, "[a]t most, counsel's failure to order transcription of the [portion of the trial in question] reflected poor judgment, not dereliction of duty." *Cooper v. Campbell*, 597 F.2d 628, 630 n. 5 (8th Cir.1979), *cert. denied*, 444 U.S. 852, 100 S.Ct. 106, 62 L.Ed.2d 69 (1979). As this Court said in rejecting an incompetency argument when portions of voir dire, opening and closing statements were not recorded, "failure to have portions of a trial recorded may be a mistake, but it is not incompetence. With nothing more than the bald allegations contained in appellant's affidavit, this Court cannot grant relief upon allegedly prejudicial statements made in closing argument." *Johnson v. State*, 620 P.2d 1311, 1314 (Okl. Crim.App.1981). *See also Frederick v. State*, 667 P.2d 988, 991 (Okl.Crim.App. 1983). This proposition is therefore without merit.

■ Appellant then claims that the 99-year sentence given him by the jury was excessive. We have repeatedly held that if a sentence is within the statutory guidelines, we will not disturb that sentence unless, under the facts and circumstances of the case, it is so excessive as to shock the conscience of the Court. *Fiddler v. State*, 709 P.2d 205, 207 (Okl.Crim.App. 1985). We note that appellant is a habitual offender under 21 O.S. 1981, § 51, and that a 99-year sentence is not excessive under that statute.

Nor are we persuaded by appellant's last argument that the cumulative effect of errors at trial warrant reversal or modification. As we have found no error in the record, we find this contention wholly without merit. *Geary v. State*, 709 P.2d 690, 695 (Okl.Crim.App.1985).

Having reviewed appellant's propositions of error and found them without merit,

appellant's conviction and sentence is AF-FIRMED.

BRETT, P.J., and BUSSEY, J., concur.