**Tommy Lynn WEST, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defend-
ant in Error.**

**No. A–14025.**

Court of Criminal Appeals of Oklahoma.

May 3, 1967.

Rehearing Denied Oct. 18, 1967.

Second Rehearing Denied Dec. 7, 1967.

851

Wendell E. Wightman, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Jeff Hartmann, Asst. Atty. Gen., for defendant in error.

NIX, Presiding Judge.

Plaintiff in Error, Tommy Lynn West hereinafter referred to as defendant, was charged by information in the District Court of Oklahoma County with the crime of Making Obscene Telephone Calls to a Female. He was tried by a jury, found guilty, and sentenced to Five Years in the penitentiary. From that judgment and sentence he has appealed to this Court.

It appears from the record, that the facts of the case are as follows, in substance. That on February 20, 1965, a Mrs. Mary Jo Young received the first in a series of obscene telephone calls from an unknown voice. She received more over a period of several weeks, the contents of which the Court will not recite here. [See casemade, pages 25, 26, 27, 38, 40, 62, 70, 71, 90.] On March 28, 1965, the police attempted to trace the telephone call but were unsucessful. Mrs. Young then attempted, at the suggestion of the police and the assistant county attorney, Don K. Cunningham who were present in her apartment, to set up a meeting with the man making the calls. The first time, they went to the place designated and no one showed up. They then went back to Mrs. Young's apartment, and the caller again phoned. And, again, a meeting was arranged. Mrs. Young drove her car, with Officer Rogers concealed in the floor of the back seat. The assistant county attorney, Don Cunningham and Officer Jordan followed in another car. Mrs. Young parked her car on the shoulder of the highway and waited. In a few minutes, a car pulled up behind her car and blinked his lights, which was the signal arranged on the phone. She got out of the car and attempted to talk the man out of the car, but in a few minutes, he took off at a high rate of speed. The car with Cunningham and Jordan was in pursuit, and Mrs. Young got back in her car and joined the chase. The car was stopped, and the defendant arrested on this charge.

Defendant alleges entrapment in his first proposition, arising from these facts as set forth above.

■ This Court has defined "entrapment" many times, as in the case of Riddle v. State, Okl.Cr., 373 P.2d 832:

"'Entrapment' is the planning of an *offense* by an officer or someone acting under his direction, and his procurement by improper inducement of *its commission* by one who would not have perpetrated it except for the trickery of the officer." [Emphasis ours.]

In the instant case, defendant was not "entrapped" into committing the offense, for that occurred when he made the telephone calls. He was trapped into a rendezvous, which ultimately resulted in his arrest. This does not constitute "entrapment".

Defendant's second allegation contends that as a matter of law, he introduced sufficient evidence to raise a reasonable doubt as to his sanity at the time of the commission of the act, and that it then became the duty of the State to prove his sanity beyond a reasonable doubt.

■ This Court has reviewed all of the testimony relative to the question of defendant's sanity, and are of the conclusion that it merely raises a speculation as to his mental condition at the time the offense was committed. There is no direct evidence that defendant did not know right from wrong. However, the trial court adequately instructed on the question of sanity, and this Court has held in the case of Gonzales v. State, Okl.Cr., 388 P.2d 312, that it is for the jury to determine the weight of all the evidence, and not the reviewing Court.

■ Further, the defendant was committed to Central State Hospital at Norman for observation, and returned to stand trial summarizing that he was able to distinguish between right and wrong and to advise his attorney in his defense. This is part of the record, and appears at page 16 of the casemade, although it was not presented to the jury. The testimony of the psychiatrist who testified for the defendant did not sustain the burden of proof on insanity. Therefore, it is the opinion of

this Court that resolution of the factual question of sanity was properly left to the jury.

■ Defendant's third proposition of error alleges error in Instruction No. 10, however, there are no objections or exceptions to the instruction in the record, and this Court has repeatedly held:

"Errors assigned upon instruction given will not be considered on appeal, where record fails to show any objections were made or exceptions to the instruction when given."

See, Underwood v. State, Okl.Cr., 404 P.2d 61.

Defendant's fourth and final allegation is that to permit the county attorney to introduce evidence in aggravation to the trial judge was error.

■ The jury in this case left the punishment up to the trial judge. At the time of sentencing, the county attorney presented facts of previous arrests of defendant for similar acts, although not of convictions, to the trial judge. This is provided in Oklahoma Statutes under Title 11, O.S.1961 §§ 973–975, the most pertinent one being § 973, which reads:

"After a plea or verdict of guilty in a case where the extent of the punishment is left with the court, the court, upon the suggestion of either party that there are circumstances which may be properly taken into view, either in aggravation or mitigation of the punishment, may in its discretion hear the same summarily at a specified time and upon such notice to the adverse party as it may direct."

In applying these statutory provisions this Court has stated many times that pursuing this method of procedure is a matter of the trial court's sound discretion, and its use is contingent upon the request of either the state or the defendant.

■ Since the county attorney made such a request, the testimony he offered was properly entertained. Defendant, however, made no request for the privilege of presenting evidence in mitigation; and for

this reason is in no position to urge that this was error on the part of the trial court not to entertain testimony relating to mitigating circumstances. Counsel did summarize mitigating factors in a statement to the court, and therefore, they were before the trail court; and defendant's contention that the trial court failed to allow such evidence is without merit.

This Court has carefully reviewed the record in this case, and can find no error of law sufficient to merit reversal. There is no question of identity, or that he did the acts charged.

It is, therefore, the opinion of this Court that the judgment and sentence of the trial court should be, and is, hereby affirmed.

BUSSEY and BRETT, JJ., concur.