**J. C. WEST, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13963.**

Court of Criminal Appeals of Oklahoma.
June 19, 1968.

Joe Ben Champion, Ardmore, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Presiding Judge.

The plaintiff in error, J. C. West, who shall hereinafter be referred to as the defendant, was charged with the crime of Burglary Second Degree; was tried before a jury, found guilty, and sentenced to serve Five Years in the Oklahoma State Penitentiary. He lodged his appeal within the time prescribed by statute, alleging numerous assignments of error.

Defense counsel failed to file a brief within the time allowed by this Court, consequently, the case was summarily submitted and examined only for fundamental error. A decision was handed down on March 22, 1967, affirming said judgment and sentence. 427 P.2d 653. Defense counsel subsequently filed a second petition for re-hearing, calling to the attention of this Court that the lower trial court had failed to rule upon a motion for new trial. The opinion handed down by this Court was withdrawn and the cause remanded to the District Court for hearing on the Motion for New Trial. 428 P.2d 888. The hearing was held and a transcript of all proceedings forwarded to this Court, and is fully considered in connection with defendant's second petition for re-hearing.

This case has engendered much confusion, difficulty, and unnecessary work because of defense counsel's failure to file a brief and apprise this Court of some of the errors about which he now complains.

The transcript of the hearing on Motion for New Trial reveals several facets of the trial that shed new light on the defendant's petition in error. Said petition in error deals chiefly with things that happened during the trial—the knowledge of which was not acquired until after the trial was concluded. A portion of this evidence was presented to the trial judge in support of a motion for new trial, which was never ruled upon. The evidence was presented in full at the second hearing ordered by this Court. The transcript of said hearing reveals that there is merit to several of defendant's contentions.

Defendant first contends that he was denied a fair and impartial trial because a certain juror failed to reveal his knowledge of defendant and his prejudice toward him. Clyde Copley testified he was one of the jurors in defendant's trial and after they had retired to deliberate, Joe Carrol, who was also a juror, said to the panel upon entering the jury room: "This fellow has been in Court, out and in and out and in, and they have never been able to find a conviction, I'm in favor of full conviction." And, during the deliberation insisted on the maximum punishment, and further stated: "I ain't going to settle for less than seven years." After the jury had agreed upon the guilt or innocence, they each wrote down the number of years they thought the defendant should be given, and then divided it by twelve. Copley testified that is how they arrived at the five years in the penitentiary, admitting that he had at first written "0 years."

These two irregular occurrences were sufficient to support the trial judge in granting the motion for new trial.

■ The un-refuted testimony of the Juror Copley depicted Juror Joe Carrol as a biased and prejudiced juror and basing his opinion of the defendant upon knowledge acquired outside the scope of evidence presented at the trial.

■ This is indeed contrary to the constitutional theory that every defendant is entitled to a fair and impartial trial before a jury of his peers. He is also entitled to be tried before a jury whose minds are open on every issue and not embedded with any pre-conceived opinions. It was well-stated by this Court in the early case of Scribner v. State, 3 Okl.Cr. 601, 108 P. 422:

"It is a physical impossibility for a juror, who has an opinion based on what he understood to be the facts in the case, to weigh the evidence as though he had never heard of the case and had not already made up his mind. He may have an earnest and conscientious desire to do

so and to deal out exact justice, but he will unconsciously attach a greater weight to the evidence which conforms to his preconceived opinion than he would otherwise do. He is not in that frame of mind which the Constitution contemplates, and which is necessary to enable him to fairly and impartially judge as to the weight to be given to the evidence of such witness appearing before him."

The uncontradicted testimony on the Motion for New Trial revealed that the amount of punishment arrived at was by taking an average of the time written down by all twelve jurors. This was contrary to the court's instructions and the statute as well. The trial court, in its last instruction, informed the jury: "—and you must not arrive at your verdict by casting lots, striking an average or by any other form of chance." It is also forbidden by statute.

The reasons for granting a new trial are enumerated under Title 22, O.S.A. § 952. The fourth reason for a new trial says: "When the verdict has been decided by lot, or by any means other than a fair expression of opinion on the part of the jury."

This Court cannot endorse this method by which the jury arrived at the punishment. To do so would be in direct conflict with the existing law.

This alone was sufficient grounds for a new trial.

■ During the motion for new trial, there was much discussion about the prosecuting witnesses offering to change their testimony for a certain sum of money. This evidence was brought into the hearing by a former District Judge, John Caldwell, who had gone to Texas with the defendant to take the testimony of the prosecuting witness. He (witness) would not permit the statement recorded, but did mention the sum of $1,000.00, to set the record straight by changing his testimony. Though this evidence was not conclusive, it left an insinuation that the witness had perjured

himself and would change his testimony for $1,000.00. Also, defendant's doctor testified that defendant was under heavy sedation at the time of trial and there was a possibility he was not rational at the time.

This Court is of the opinion that it would be in the best interest of everyone concerned, and in the cause of justice, that these matters be cleared up. And, that the judgment and sentence of the trial court be set aside and the case reversed and remanded for a new trial, not inconsistent with this decision.

It is so ordered.

BRETT, J., concurs.