Sidney Doyle **WRIGHT**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–14993.

Court of Criminal Appeals of Oklahoma.
June 10, 1970.

**317**

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge:

■ The plaintiff in error, Sidney Doyle Wright, who shall hereafter be referred to as defendant, was charged by information in the District Court of Oklahoma County with the crime of Burglary Second Degree, After Former Conviction of a Felony. He was tried before a jury, who found defendant guilty and assessed his punishment at Ten Years in the penitentiary. He was represented by the Public Defender, who has perfected his appeal from said judgment and sentence. The evidence revealed that defendant did break and enter a dwelling house along with another person. Officers apprehended the defendant inside the house after being called by the owner of the premises. One officer testified the defendant was seeking shelter in the dwelling, which was unoccupied. The owner testified a number of items were missing, including three sinks with all the faucets, a surveying instrument, a barbecue grill, and various things. The defendant was positively identified by the officers and the owner as the person they arrested attempting to leave the premises. Defendant offered no evidence nor did he testify in his own behalf. The record reveals ample evidence to support the verdict of guilty and it was within the jury's province to weigh the evidence. This Court said in Williams v. State, Okl.Cr., 373 P.2d 91 :

"Where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts."

See, West v. State, Okl.Cr., 433 P.2d 850; and, Kelly v. State, Okl.Cr., 415 P.2d 187.

■ We find no error of record that would justify reversal or modification. The sentence was within the bounds of the statute and ten years does not seem excessive, in view of the fact that the maximum sentence could have been life in prison.

The judgment and sentence of the trial court is therefore Affirmed.

BRETT, P. J., and BUSSEY, J., concur.