**Reford Wayne DAVISON, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15579.**

Court of Criminal Appeals of Oklahoma.

April 21, 1971.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge.

Plaintiff in error, Reford Wayne Davison, hereinafter referred to as defendant, was convicted by jury verdict of Robbery in the First Degree, After Former Conviction of a Felony, and sentenced to Twenty (20) Years imprisonment in the District Court of Oklahoma County Case No. CRF–69–1436. Judgment and sentence in accordance with the jury verdict was imposed on September 19, 1969, and this appeal perfected therefrom. Defendant was represented at his trial and on appeal by the public defender.

At the trial James Miller testified that on February 6, 1969, he was working the night shift alone at Drake's Champlin Service Station in Oklahoma City, Oklahoma. About 1:00 in the morning of February 7th, a man whom he identified in court as defendant, walked in and told Miller he wanted the money in the cash drawer. During the encounter the robber kept his right hand in his coat pocket—"he acted like he had a gun or something." The robber was in the station about 15 minutes and took about $150.00 from the drawer and left, after warning Miller not to follow or try to identify him from any police mug shots. Miller picked out defendant in

a police lineup about a month afterwards. Miller stated his identification was based on seeing defendant at the crime, although he had lost weight, and was not reinforced by seeing him in court appearances.

Officer Berglan of the Oklahoma City Police Department, testified that he interrogated defendant at the police station on February 25, 1969. After warning defendant of his rights against self-incrimination, Berglan asked defendant about the robbery of the Champlin Service Station, and defendant admitted he had committed the robbery. Berglan testified that defendant at time of trial was some 40 to 55 pounds lighter than at the time of the interview.

Defendant did not testify or offer evidence in his behalf. Defendant's former convictions were stipulated.[1]

On December 11, 1969, defendant was given a hearing on a supplemental motion for new trial on grounds of newly discovered evidence. One B. G. Peters, a cell mate of defendant during part of his stay in the county jail, testified that it was "common knowledge" that defendant did not commit the robbery and that some other known person did it. When pressed for the robber's name, Peters testified "George something or other." Peters named several other jail inmates who might know something on the matter. The motion for new trial was overruled.

 On appeal defense counsel first urges consideration of the sufficiency of the evidence and modification of the sentence. We are of the opinion that the jury had before it competent evidence to justify its verdict. The punishment was well within the limits provided by law upon conviction for the offense. 21 O.S.1961, § 798; 21 O.S.Supp.1970, § 51. Where the

evidence amply supports the verdict of the jury, the punishment is well within the range provided by law, and the record is free of any error which would justify modification or reversal, the judgment and sentence will be affirmed. Moore v. State, Okl.Cr., 473 P.2d 346 (1970).

 It is further contended that defendant was given inadequate "Miranda warning", thereby rendering his admission of guilt inadmissible. Officer Berglan first testified concerning his admonishment to defendant outside the hearing of the jury. Defendant's objection was overruled and the officer next testified before the jury as to the circumstances prior to defendant's admission. We are satisfied from the record that the officer apparently gave adequate warnings as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). There is no necessary magic or ritualistic formula that must be repeated if the substance of the warning is conveyed. Peterson v. State, Okl. Cr., 473 P.2d 293 (1970). The only evidence before us, the officer's testimony, indicates defendant understood his rights, including the right to an attorney during interrogation and that he need not answer anything. The facts in this case differ materially from Reese v. State, Okl.Cr., 462 P.2d 331 (1969), where the defendant was told an attorney would be furnished "in the event it came to trial." Accordingly, we conclude the trial court did not err in admitting evidence as to defendant's admission of guilt to the interrogating officer.

For the foregoing reasons we conclude the judgment and sentence must be affirmed.

BUSSEY, P. J., and BRETT, J., concur.

---

1. We are unaware of any compelling reason warranting a stipulation to former convictions in a two-stage trial and generally consider it of doubtful wisdom.