Sammy MEDINA, a/k/a Sammy M. Carrasquillo, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–78–548.

Court of Criminal Appeals of Oklahoma.

Jan. 10, 1980.

Lonny G. Long, Lawton, for appellant.

Jan Eric Cartwright, Atty. Gen., Michael Jackson, Asst. Atty. Gen., William Brad Heckenkemper, Legal Intern, for appellee.

OPINION

BRETT, Judge:

Sammy Medina, also known as Sammy M. Carrasquillo, was convicted by a jury in the District Court of Comanche County, Case No. CRF–77–891, of the crime of Delivery of Heroin, After Former Conviction of a Felony, pursuant to 63 O.S.1971, § 2–401, ¶ B 1. In the second stage of a bifurcated trial, the jury assessed punishment at ten (10) years' imprisonment.

On September 1, 1977, Mike Mahaffey, a narcotics agent with the Lawton Police Department, was advised by a known informant, named Jabo, that the appellant was selling heroin at the Lawton bus station. The officer and Jabo went to the station where Officer Mahaffey purchased from the appellant one $25.00 balloon, alleged to contain heroin. Officer Mahaffey then secured custody of the heroin until it was taken to the OSBI Lab, where a forensic chemist positively determined, through three separate tests, that the substance in the balloon was heroin.

The appellant sets forth nine assignments of error, four of which are not supported by authority of any kind: that the trial court erred in admitting evidence acquired by an illegal arrest; that the trial court erred in overruling the appellant's objections to the admission of the evidence acquired by an illegal arrest; that the court erred in overruling the appellant's motions to quash and dismiss; and that the evidence was insufficient to support a conviction.

■ In *Sandefur v. State*, Okl.Cr., 461 P.2d 954, 956 (1969), this Court stated that it is necessary for counsel not only to assert error but also to support his contention with both argument and authority. Furthermore, absent the deprivation of a fundamental right, this Court will not search the books for authorities to support the appellant's bare assertions of error. See also *Collins v. State*, Okl.Cr., 407 P.2d 609 (1965).

■ The appellant has not been denied any fundamental right. The State submitted evidence which was sufficient for a jury to reasonably determine his guilt or innocence. Where the evidence amply supports the verdict of the jury, the punishment is well within the range provided by law, and the record is free of any error justifying modification or reversal, the judgment and sentence will be affirmed. *Davidson v. State*, Okl.Cr., 484 P.2d 542 (1971). See also *Hanna v. State*, Okl.Cr., 560 P.2d 985 (1977).

■ In his fourth assignment of error the appellant alleges that the trial court im-properly admitted hearsay testimony of a conversation between Officer Mahaffey and an individual known as Jabo. Hearsay, which is an out of court statement offered to prove the truth of the matter asserted therein, is objectionable because its reliability is largely dependent upon the veracity of one not available for cross-examination. See *Lewis v. State*, Okl.Cr., 574 P.2d 1063, 1066 (1978).

■ The appellant contends that evidence of information received by Officer Mahaffey from Jabo that an individual was selling heroin in front of the bus station in Lawton was improperly admitted hearsay. We must disagree. This testimony was not hearsay because it was not offered to prove the truth of Jabo's statement to Officer Mahaffey, but rather to show the reason for Officer Mahaffey's trip to the Lawton bus station.

The appellant next alleges that it was error for the trial court to permit the State to call the appellant's federal probation officer to testify regarding his duties and the fact of the appellant's former conviction. It is true that the calling of the probation officer implied that the appellant had committed a prior crime, but during the State's examination of that officer, he testified only to two facts: That he was a United States probation and parole officer and that he knew the appellant, but by a name other than Sammy Medina. In fact, it was the appellant's attorney who elicited the fact of the prior conviction and the relationship between the witness and the appellant on cross-examination of that witness. Furthermore, the appellant, on direct examination, admitted to having pled guilty to the charge which had been alluded to by the probation officer during his cross-examination.

■ When the State introduces evidence of other crimes, it creates a potentially dangerous situation, one in which the defendant may not be convicted for the crime with which he is charged but rather for an unrelated crime. It is the general rule that a conviction, if there is to be one, must rest

upon "evidence which shows one guilty of the offense charged; and proof that one is guilty of other offenses not connected with that for which one is on trial must be excluded." *Burks v. State*, Okl.Cr., 594 P.2d 771, 772 (1979). There are exceptions to this rule, under which other crimes evidence may be admissible if it is determined to be relevant, that is if the probative value outweighs the prejudicial effect. One of the five exceptions is that evidence of other crimes *may* be admissible to establish identity. That exception does not fit this situation, however, because the officer could not speak to the defendant's identity as the perpetrator of this crime *and* the identity of the defendant had already been positively established by testimony of Officer Mahaffey. Therefore, it was error for the State to introduce, in its case in chief, the probation officer's testimony.

However, under the particular facts of this case, that error is not cause for reversal because of the appellant's own response to the evidence. First, at no time did the defense object to the testimony of the probation officer, thereby waiving his right to raise the error in appeal. Second, the appellant himself pursued the testimony vigorously on cross-examination. Finally, the appellant admitted his conviction when he took the stand to testify. At that point, the effect of the State's prejudicial evidence was cumulative. If the defendant had objected in a timely manner and had not introduced his own evidence of the federal conviction nor taken the stand, then the error of the State may have affected the guilty verdict. But, within the framework of these facts, the State's error was cured.

The thrust of the final three assignments of error is that an improper chain of custody existed as to the heroin and that these exhibits were therefore improperly admitted. However, a review of the record clearly indicates that the validity of the chain of custody was carefully preserved by both Officer Mahaffey and Thomas Reynolds, the OSBI chemist who analyzed the material to determine its identity. Therefore, these alleged errors are also without merit. See *Trantham v. State*, Okl.Cr., 508 P.2d 1104 (1973).

The judgment and sentence is therefore, *AFFIRMED.*

CORNISH, P. J., and BUSSEY, J., concur.