**Donald Evatt CALES, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–81–509.**

Court of Criminal Appeals of Oklahoma.

July 13, 1982.

W. Rodney Devilliers, Sr., Devilliers & Devilliers, Inc., Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The appellant was convicted of Interfering with a Fireman. The jury set punishment at two (2) years' imprisonment with a recommendation that the sentence be suspended. The trial court adhered to the jury's recommendation and imposed a two (2) year suspended sentence.

On July 13, 1980, Cales decided to burn his wheat stubble to prepare for planting a bean crop. Apparently, the fire started to spread uncontrollably due to heavy winds. The smoke from the fire became very dense and created an extreme driving hazard to traffic on Interstate 35 (I–35). The Tonkawa Fire Department dispatched three units to the fire.

One firefighting unit drove onto Cales' land in an attempt to extinguish several areas of smoldering grass fires. Cales drove his pickup truck in front of the fire truck blocking any further progress. The appellant became embroiled in an argument with a Tonkawa fireman about driving over his land. Apparently, the appellant had previously been involved in disputes with the Tonkawa Fire Department. Cales ordered the firemen to get off his property. After several minutes of argument the fire marshall decided to leave the property. The fire chief was radioed and informed of the incident. Cales was later arrested.

The appellant first argues that the State failed to prove an essential element of the crime. The statute making it a felony to interfere with a fireman provides:

> Any person or persons acting in concert with each other who knowingly and willfully interfere with, molest, or assault firemen *in the performance of their duties,* or who knowingly and willfully

obstruct, interfere with or impede the progress of firemen to reach the destination of a fire, shall be deemed guilty of a felony and shall be punished therefor by imprisonment in the State Penitentiary for a term not exceeding ten (10) years nor less than (2) years. 21 O.S.1971, § 1217.

The appellant contends that because his land is three and one-half miles outside the Tonkawa city limits, the Tonkawa fire department was without authority to act. Therefore, he concludes that the alleged interference did not occur while the firemen were acting "in the performance of their duties." We find this argument untenable.

The obvious intent of the statute prohibiting the interference with firemen is to allow firemen to perform their duties without obstruction. Every person has an obligation and a duty not to interfere with these public servants as they perform their duty of protecting persons and property.

■ We hold that firemen engaged in a good faith performance of their duties shall not be interfered with under penalty of this statute even if it turns out later they were engaged in firefighting activities outside the corporate limits of their municipality. Under the statute the test of whether firemen are acting "in the performance of their duties" is whether they were acting within the scope of their official capacity at the time of the alleged interference or obstruction.

We find further support for our holding in Title 11, Section 29–107 of the Oklahoma Statutes, which provides:

All municipal firefighters, full paid or volunteer, attending and serving at fires or doing fire prevention work or rescue, resuscitation, first aid, inspection or any other official work *outside the corporate limits of a municipality shall be considered as serving in their regular line of duty* as full as if they were serving within the corporate limits of their own municipality . . . (Emphasis added).

■ Therefore, we find that firemen acting outside the corporate city limits while engaged in official firefighting duties are acting "in the performance of their duties" for the purpose of 21 O.S.1981, § 1217. Public policy dictates this holding. To hold otherwise, would potentially subject firemen to willful obstruction and interference by individuals at a time when the lives of many persons depend upon the fire department's swift and immediate action.

■ We find that the State presented sufficient evidence to support the jury's verdict.

The appellant's final two arguments are not properly before this Court for appellate review. He contends that the trial court erred in instructing the jury, and that prosecutorial misconduct during closing argument requires reversal. However, the appellant has failed to support either of these arguments with citations to authorities, or statutes. Rule 3.5(C) of the Rules of the Court of Criminal Appeals, mandates that "[b]oth parties *must* provide a brief argument, exhibiting a clear statement of the point of law or fact to be discussed, with reference to the pages of the record filed *and the authorities relied upon* in support of each point raised." (emphasis added).

■ Further, it is the well established rule in Oklahoma that a mere assertion of error on the part of the trial court without citing authority in support of the contention is insufficient to raise the issue for consideration by the reviewing court. *Medina v. State*, 606 P.2d 597 (Okl.Cr.1980); *Fryar v. State*, 385 P.2d 818 (Okl.Cr.1963); *Klein v. State*, 15 Okl.Cr. 350, 176 P. 414 (1918). This Court will review the record to determine whether the appellant was deprived of any fundamental rights. In this case, the record clearly establishes that the appellant was afforded a fair and impartial trial before his peers.

The judgment and sentence is AFFIRMED.

BUSSEY, J., concurs.

BRETT, P. J., specially concurs.

BRETT, Presiding Judge, specially concurring:

I concur that this conviction should be affirmed. When appellant allowed the smoke from the fire in his wheat field to extend across Interstate 35, his actions were jeopardizing the well-being of other persons. It is an established fact that excessive smoke crossing a well-traveled road, as is I–35, that a major traffic hazard has been created. The hazardous condition was determined by the State Trooper, which thereby created necessary authority to extinguish the fire.