**Cleatius Wilson ROWLAND, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–82–749.

Court of Criminal Appeals of Oklahoma.

Oct. 22, 1985.

Thomas G. Smith, Jr., Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Thomas J. Spencer, Asst. Atty. Gen., Oklahoma City, for appellee.

**OPINION**

BRETT, Judge:

The appellant, Cleatius Wilson Rowland, was charged with Knowingly and Feloniously Permitting the Cultivation, Production of Wild Growing of Marijuana in violation of 63 O.S.1981, § 2–509, in Mayes County District Court, Case No. CRF–81–115. The jury returned a verdict of guilty and set punishment at two years' imprisonment plus a $1,000 fine. The trial court suspended the fine because of the appellant's indigency and set the sentence in accordance with the jury's verdict. From this judgment and sentence, the appellant appeals.

As the case was submitted to the jury by the trial court, the jury was instructed not to arrive at a quotient verdict: "You must

not use any method of chance in arriving at a verdict, but base your verdict on the judgment of each juror."

Furthermore, 22 O.S.1981, § 952 states that a trial court "has power to grant a new trial ... when the verdict has been decided by lot, or by any means other than a fair expression of opinion on the part of the jury." In the case at bar, at the hearing on the appellant's motion for new trial and sentencing, the defense counsel attempted to offer as evidence the testimony of Rose Poole, who had been a juror in Mr. Rowland's trial. Part of the testimony which Ms. Poole would have offered, as shown subsequently by an offer of proof, was that the jury had arrived at Mr. Rowland's sentence of two years' imprisonment by having each of the twelve jurors list his recommendation of punishment, then dividing the sum of the numbers by twelve, a quotient verdict. However, the judge refused to allow Ms. Poole's testimony on the basis that a juror may not introduce evidence which will impeach the verdict of the jury. *See* 12 O.S.1981, § 2606(B).

Appellant maintains, in his first assignment of error, that the trial court abused its discretion and erred in refusing to allow Ms. Poole's testimony in the motion for new trial. In *West v. State*, 443 P.2d 131 (Okl.Cr.1968), this Court held that it is "sufficient grounds for a new trial" when the jury arrives at punishment by the use of a quotient verdict:

> After the jury had agreed upon the guilt or innocence, they each wrote down the number of years they thought the defendant should be given then divided it by twelve. Copley [one of the jurors] testified [at the motion for new trial] that is how they arrived at the five years in the penitentiary, admitting that he had at first written "0 years."
>
> . . . .
>
> The uncontradicted testimony on the Motion for New Trial revealed that the amount of punishment arrived at was by taking an average of the time written down by all twelve jurors. This was contrary to the court's instructions and

the statute as well. The trial court, in its last instruction, informed the jury: "— and you must not arrive at your verdict by casting lots, striking an average or by any other form of chance." It is also forbidden by statute.

> The reasons for granting a new trial are enumerated under Title 22, O.S.A. § 952. The fourth reason for a new trial says: "When the verdict has been decided by lot, or by any means other than a fair expression of opinion on the part of the jury."
>
> This Court cannot endorse this method by which the jury arrived at the punishment. To do so would be in direct conflict with the existing law.
>
> This alone was sufficient grounds for a new trial.

*Id.* at 133.

On July 24, 1985, this case was remanded to the trial court for the purpose of conducting an evidentiary hearing into the manner in which the jury arrived at its verdict. The Honorable Jess B. Clanton, Associate District Judge, conducted the evidentiary hearing on August 19, 1985. At that hearing juror Jean Craig Johnson testified. In her testimony she stated that, "Uh various one's couldn't decide on a certain length of time. So we put down on a piece of paper the time that each individual felt that he should be given and they added them together and subtracted—I mean divided and got an average." Defense counsel asked, "And what was that average." The juror answered, "that average was two years, give or take three months, I can't remember the months on it."

After the district attorney cross-examined the juror and heard brief argument of defense counsel, the court entered the following findings and conclusions of law:

> Now the court finds that after the defendant was sentenced to two years and has been free on an appeal bond since that time.
>
> The Court finds pursuant to this evidentiary hearing that the jury agreed to be bound by fixing punishment whereby they added twelve individual ideas as to

sentencing time and divided the result by twelve, and that the jury assessed punishment in this case by this method contrary to the instructions given to them by the court and contrary to law, and concludes further that such method of fixing punishment is grounds for a new trial under the decision in *West v The State*, 443 P.2d 131, found in the Oklahoma Criminal Reports 1968. Also by statute in this state 22 OSA 952, a new trial is occasioned when a verdict has been decided by lot or by any means other than a fair expression of opinion on the part of the jury. Beyond that finding I am not directed by the order remanding this case to the trial court for evidentiary hearing and so I think that I would be remiss in going farther.

Now therefore, after considering the record before this Court and the record of evidentiary hearing, findings of fact and conclusions of law entered by the Honorable District Judge, this Court is of the opinion that the verdict arrived at in Mayes County District Court, Case No. CRF–81–115, that the punishment arrived at by the jury was the result of a quotient verdict. In accordance with *West v. State*, supra, this cause must be reversed.

The remaining assignments of error offered by appellant are without merit.

This conviction is REVERSED and REMANDED for a New Trial.

PARKS, P.J., concurs.

BUSSEY, J., dissents.