**Melvin Douglas TEAFATILLER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–84–438.**

Court of Criminal Appeals of Oklahoma.

July 1, 1987.

As Corrected July 15, 1987.

Don L. Wyatt, Ada, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Melvin Douglas Teafatiller, hereinafter referred to as the appellant, was charged with Rape in the First Degree by Force and Fear in violation of 21 O.S.1981, § 1114 on Count I, and Sodomy, Crime Against Nature in violation of 21 O.S.1981, § 886 on Count II, in the District Court of Love County, Case No. CRF–83–10. The jury returned a verdict of guilty on Count I and set punishment at twenty (20) years' imprisonment, and not guilty on Count II. From this judgment and sentence, the appellant appeals, raising six assignments of error. AFFIRMED.

On March 3, 1983, the prosecutrix was babysitting her nephew, the son of the appellant, at her home in Marietta, Oklahoma. At approximately 10:00 p.m., the appellant and another man returned to the prosecutrix's home to pick up his son.

The prosecutrix testified that the men entered her home, whereupon the appellant forced her into the washroom and proceeded to rape and sodomize her.

The appellant admitted being at the home of the prosecutrix, but claimed that the intercourse with the prosecutrix was invited and consensual.

Within his first assignment of error, the appellant cites three different occasions wherein the prosecution tried to insert evidence of another case into the trial. Each proposed error has been reviewed on an individual basis. As for the first two instances cited by the appellant, we find no error. Where there is no showing of prejudice to the appellant or a breach of his fundamental rights, this Court will not reverse. *Glasgow v. State,* 572 P.2d 290 (Okl.Cr.1977). Further, this Court has held that the implication of another crime which is obvious only to defense counsel is not inadmissible as evidence of other crimes. *Burks v. State,* 568 P.2d 322 (Okl.Cr.1977).

We choose to address specifically the appellant's third assertion of error within this first assignment. This alleged error occured during the prosecutor's closing argument, wherein the prosecutor responded to a claim made by the defense during their closing argument.

In *United States v. Young,* 470 U.S. 1, 7, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985), the Supreme Court of the United States addressed this particular situation. The Court declared that statements or conduct must be viewed in the full context of the trial proceeding. Only by so doing can it be determined whether the prosecutor's conduct affected the fairness of the trial. To help resolve this problem, courts have invoked what is sometimes called the invited response or invited reply rule.

The Court must consider the probable effect the prosecutor's response would have on the jury's ability to judge the evidence fairly. In this context, defense counsel's conduct, as well as the nature of the prosecutor's response, is relevant. In order to make an appropriate assessment, the reviewing court must not only weigh the impact of the prosecutor's remarks, but must also take into account the defense counsel's opening salvo. Thus, the import of the evaluation has been that if the prosecutor's remarks were "invited" and did no more than respond substantially in order to "right the scale", such comments would not warrant reversing a conviction.

■ The record in the case at bar reflects such a "righting of the scale". This Court held in *White v. State*, 268 P.2d 310 (Okl.Cr.1954), that improper remarks of a prosecuting attorney to the jury, which were provoked by and made in reply to remarks of the defense counsel, are not ordinarily grounds for new trial. Moreover, in the case at bar the trial court sustained the appellant's objection and properly admonished the jury to disregard the prosecutor's statements. Indeed, the trial court even explained to the jury the confusion concerning the tapes, which were the basis of this objection. In addition, the prosecutor advised the jury that the tapes involved another case and another defendant.

This Court has consistently held that a court's admonition to the jury not to consider the remarks of counsel usually cures an error unless it is of such a nature that after considering the evidence the error appears to have determined the verdict. *Holdge v. State*, 586 P.2d 744 (Okl.Cr.1978); *Kitchens v. State*, 513 P.2d 1300 (Okl.Cr. 1978). Since a proper admonishment was given, and considering the evidence presented at trial, this Court is convinced that the verdict rendered in this case was not a product of prejudice. There was no error.

Let us add, as did the Supreme Court in *United States v. Young*, 470 U.S. 1, 103 S.Ct. 1038, that we are not encouraging the practice of any counsel going "out of bounds" and thereby encouraging responses to the "invitation." Invited responses should be effectively discouraged by prompt action from the bench in the form of corrective instructions to the jury, and when necessary, an admonition to the advocate.

This brings us to the appellant's second assignment of error. The appellant contends that the trial court erred in not granting his motion for mistrial based upon the misconduct of the prosecutor by introducing evidence unrelated to the case and prejudicial to the appellant.

■ A careful examination of the record reveals no error by the trial court in admitting the contents of a certain note into evidence. The witness had admitted the existence of the note, and the prosecutor simply refreshed her memory as to the contents of the note. The prosecutor was seeking to determine if the note had an improper influence on the witness' testimony. The exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination. *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). Moreover, this Court has consistently held that a witness may be cross-examined as to any matter tending to show bias or prejudice or circumstances under which one would be tempted to swear falsely. *Pannell v. State*, 640 P.2d 568 (Okl.Cr. 1982).

Title 12 O.S.1981, § 2612 provides:

If a witness uses a writing to refresh his memory either while testifying or before testifying, the court shall allow an adverse party to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon and to introduce in evidence those portions which relate to the testimony of the witness.... In a criminal case, when the prosecution elects not to comply [with an order to produce], the order shall be one striking the testimony or declaring a mistrial.

However, the record in the present case reveals that the witness' memory was not refreshed with a writing. It appears that the prosecutor's memory of the note's contents was used to refresh the witness' memory of the note's contents. The record does not reveal where the writing was, or whether it still existed at the time of trial.

The appellant's next assignment of error contends that the trial court erred in denying his motion for a mistrial based upon prejudice to the appellant resulting from publicity in a local newspaper article.

The article referred to appeared in *The Daily Ardmorite* on the first day of trial and referred to the appellant as a "38–year-old ex-convict." The appellant alleges that the article denied him a fair trial and de-

nied him his constitutional right against self-incrimination.

This Court is of the opinion that the trial court properly overruled the appellant's motion for mistrial and subsequent motion for a new trial. In *Broadus v. State*, 553 P.2d 515 (Okl.Cr.1976), we reiterated the requirements for a mistrial based upon newspaper publicity, as follows:

1. Before the final submission of a case to the jury, the burden to show prejudice from an alleged misconduct is on the defendant.

2. The burden is on the defendant to make a showing that the jury's verdict was influenced by any alleged unfavorable newspaper article.

3. Where jurors read newspaper comments on the trial the verdict will not be set aside if the defendant is not prejudiced thereby, or if objection might be, but was not, made prior to verdict.

4. A claim of misconduct of a juror before a criminal case is submitted to a jury is not to be determined by inference or on the basis of speculation, but must be established by clear and convincing proof.

*See also, Glasgow v. State*, 370 P.2d 933 (Okl.Cr.1962).

■ Simply put, the burden is on the appellant to prove prejudice to warrant a reversal or modification. To hold otherwise would be to reward mere speculation or conjecture. Since no proof was offered, we find this assignment to be without merit.

The appellant's fourth assignment of error claims that the trial court erred by not allowing the appellant to introduce evidence of the complaining party's prior sexual conduct.

Title 22 O.S.1981, § 750(A) states:

In any prosecution for rape or assault with intent to commit rape, opinion evidence of, reputation evidence of and evidence as to specific instances of the complaining witness' sexual conduct is not admissible on behalf of the defendant in order to prove consent by the complaining witness. Provided that this section shall not apply to evidence of the complaining witness' sexual conduct with or in the presence of the defendant.

■ We are of the opinion that the testimony by the prosecutrix's natural aunt concerning the prior sexual activities of the prosecutrix, *other* than with the defendant, should not have been allowed. Further, counsel is limited under 12 O.S.1981, § 2608(B), in that if the witness denies the impeaching conduct, counsel is bound by the answer and may not offer extrinsic evidence to contradict the witness. *Woods v. State*, 657 P.2d 180 (Okl.Cr.1983). We find no error.

The appellant's fifth assignment is a mere assertion of error without any supporting authority, and as such, will not be addressed by this Court. *Cales v. State*, 648 P.2d 838 (Okl.Cr.1982).

The appellant's final assignment of error insists that the jury based their verdict on compromise. The appellant contends that the jury either should have found the appellant guilty of both charges, or not found him guilty of both charges. However, by finding him guilty of one and not the other, the jury demonstrated a compromise in their verdict.

■ The appellant's reliance on *West v. State*, 433 P.2d 850 (Okl.Cr.1967) is misplaced. *West* stands for the rule that a jury cannot use averaging to arrive at a quotient verdict in assessing punishment. However, there are simply no facts in this case to support the assertion that the jury assessed punishment in that manner. The jury was polled and each juror agreed that the verdict was correct. The sanctity of the jury room cannot be invaded. *Wacoche v. State*, 644 P.2d 568 (Okl.Cr.1982). Without more, we must assume that the jury assessed the amount of punishment by discussion and compromise, and not by averaging. *DeRonde v. State*, 715 P.2d 84 (Okl.Cr.1986). This assignment is without merit.

It is therefore our opinion that the appellant received a fair and impartial trial before a jury, that no substantial right of the

defendant was prejudiced, and that the judgment and sentence appealed from should be, and the same is hereby, AFFIRMED.

BUSSEY, J., concurs.

PARKS, J., concurs in results.

PARKS, Judge, concurring in results:

Although I concur in the results reached by my brother Judge Brett, I wish to comment on the issue of a writing being used to refresh the memory of witness Bearden. In the present case, it is unclear whether a writing was in fact used to refresh her memory, thereby warranting application of 12 O.S.1981, Sec. 2612. Appellant's failure to adequately preserve the record on this point effectively precludes review of this error. See *Guthrie v. State*, 679 P.2d 278, 280 (Okl.Cr.1984). In any event, if a writing was used, the appellant failed to request that the writing be produced for inspection and thus waived the alleged error for appellate review.

With regard to appellant's contention that the jury's verdict was based on compromise, the record in this case wholly fails to support any inference of jury misconduct. In his opinion, Judge Brett states that without more facts, "we assume that the jury assessed the amount of punishment by discussion and compromise, and not by averaging," relying on *DeRonde v. State*, 715 P.2d 84 (Okl.Cr.1986) and *Wacoche v. State*, 644 P.2d 568 (Okl.Cr.1986). It is unnecessary to rely upon either *DeRonde* or *Wacoche*, as *West v. State*, 443 P.2d 131 (Okl.Cr.1968) supports the result reached. In *West*, the record indicated the jury resorted to averaging to arrive at a quotient verdict to assess punishment. *Id.* at 133. The record in the present case does not indicate any such misconduct. Appellant's sole basis for this allegation is the fact that the jury found him guilty on the rape charge, but not on the sodomy charge. He infers from this alone that the verdict was based on averaging. *West* does not support this inference. *Id.* at 133.

For the foregoing reasons, I agree that the appellant's judgment and sentence should be affirmed.