Elvis **JORDAN**, a/k/a Elvis **Starks**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–84–809.

Court of Criminal Appeals of Oklahoma.

May 27, 1988.

Rehearing Denied June 28, 1988.

John L. Clifton, IV, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Elvis Jordan, a/k/a Elvis Starks, appellant, was tried in Logan County District Court for Murder in the First Degree (21 O.S.Supp.1987, § 701.7), Case No. CRF-83-69. The jury sentenced appellant to life imprisonment. It is from this judgment and sentence that appellant appeals.

On June 25, 1983, Lawrence Lewis died from stab wounds inflicted by the appellant. Ms. Dorothy Berryman, the only eyewitness, testified that during a visit to her home appellant stabbed her son.

The appellant's first contention of error is that the misapplication of the Oklahoma Uniform Jury Instructions denied him a fair trial. Appellant alleges that OUJI-CR-821 (1980), "Impeachment by Prior Inconsistent Statements," and OUJI-CR-808 (1980), "Evidence of Defendant's Character," were improperly omitted, and that OUJI-CR-426 (1980), "Homicide-Causation," was improperly administered. Initially we note that the record is devoid of any objections to the instructions. In *Ballou v. State*, 694 P.2d 949, 952 (Okl.Cr. 1985), this Court stated:

> [W]hen an objection to instructions does not appear in the record, it is not properly preserved for review by this Court. (citations omitted) In *Lane v. State*, 572 P.2d 991 (Okl.Cr.1978), this Court stated: 'Defendant should have stated specifically why he objected to the instructions, and further, should have submitted proposed instructions to the court in writing, in lieu of the instructions which he deemed objectionable.' *Lane v. State*, *supra*, at 993.

*See also Shietze v. State*, 724 P.2d 262 (Okl.Cr.1986). While appellant failed to preserve this issue for review, we have nonetheless reviewed the record for fundamental error and find that the trial court's instructions were proper. Therefore, appellant's first contention is without merit.

Appellant's last contention is that prejudicial and inflammatory remarks by the prosecutor during closing argument deprived him of a fair trial. Appellant argues that the prosecutor asked the jury to sympathize with the victim, usurped the province of the jury, and made impermissible "law and order" comments. However, appellant failed to object at trial to any of these allegedly improper remarks. Absent an objection or an indication that these prosecutorial comments were "so prejudicial as to adversely affect the fundamental fairness and impartiality of the proceedings," we will not reverse. *Johnson v. State*, 731 P.2d 424, 428 (Okl.Cr.1986).

However, one of the prosecutorial comments about which appellant complains was met with an objection and is thus properly before this Court. Appellant claims that counsel for the State impermissibly shifted the burden of proof to the defense when he argued that "[the defense does not] paint a picture beyond a reasonable doubt of self-defense." (TR. 418) While this remark could have been construed as an improper attempt by the prosecutor to shift the burden of proving innocence beyond a reasonable doubt to appellant, we believe that the judge's admonition to the jury, to follow the instructions and not the argument of counsel, cured any possible error. *See Teafatiller v. State*, 739 P.2d 1009, 1011 (Okl.Cr.1987). Furthermore, one of the instructions which the trial court administered—OUJI-CR-745 (1980), "Defense of Self Defense—Burden of Proof"—informed the jury that the burden is on the State to "prove beyond a reasonable doubt that the defendant was not acting in self-defense." *Id.* After reviewing all of the evidence and the comments made by the prosecutor during closing argument, we find that the jury rendered an unprejudiced verdict. Accordingly, appellant's second assignment of error is without merit.

For the foregoing reasons, the judgment and sentence is AFFIRMED.

BUSSEY and PARKS, JJ., concur.