**Michael Wayne TAYLOR, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–86–611.**

Court of Criminal Appeals of Oklahoma.

Sept. 7, 1988.

Rehearing Denied Oct. 12, 1988.

jury convicted appellant of the lesser included offense of Assault and Battery With a Dangerous Weapon and set punishment at seven (7) years imprisonment. Judgment and sentence was imposed in accordance with the jury's verdict, with two (2) years imprisonment suspended. We affirm.

On the evening of December 19, 1984, the victim, Robert Parks, sat in a bar in Sallisaw, Oklahoma. Appellant entered the bar and started arguing with Parks. Parks several times told appellant, "Mike, stay away from me. I don't want to talk to you. Just leave me alone." Appellant grabbed Parks by the collar, and after the bouncer separated the two men, appellant pulled off his jacket. The bouncer ejected the two men from the bar.

Outside the bar, appellant poked his finger into Park's chest several times. Parks grabbed appellant's finger and said, "Mike, if you don't quit poking me in the chest I'm going to break your fingers." After Parks released the finger, appellant poked Parks in the chest again, and Parks punched appellant in the face. The men started wrestling and fell to the ground. Appellant pulled a knife from his pocket and stabbed Parks twice, once in the chest near the heart and once in the upper abdomen. As appellant started to stab Parks a third time, a bystander twisted the knife from appellant's hand.

Lloyd E. Cole, Jr., Stilwell, Carl Hughes, Michael McGuire, Hughes & Nelson, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Michael Wayne Taylor, appellant, was tried by jury for Assault and Battery With Intent to Kill [21 O.S. 1981, § 653], in Case No. CRF–84–184, in the District Court of Sequoyah County, the Honorable James E. Edmondson, District Judge, presiding. The

For his first assignment of error, appellant asserts the jury's verdict is not supported by substantial evidence and is contrary to the weight of the evidence. Appellant supports his assignment of error by citation to two cases, *Neal v. State*, 597 P.2d 334 (Okla.Crim.App.1979), and *Terhune v. State*, 530 P.2d 557 (Okla.Crim. App.1974). These cases dealt with the necessity of properly instructing the jury on the accused's theory of self-defense. In the instant case, the trial court issued OUJI–CR 742, 744, 745, 746, 747, 748, 749 and 752. We find the jury was fully and completely instructed on appellant's theory of self-defense.

The test for sufficiency of the evidence is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979). We adopted the *Jackson* test in *Spuehler v. State*, 709 P.2d 202, 203–04 (Okla.Crim. App.1985). The jury in the instant case convicted appellant of the lesser included offense of assault and battery with a dangerous weapon. Viewing the evidence in the light most favorable to the State, we find a rational trier of fact could have found appellant guilty of assault and battery with a dangerous weapon beyond a reasonable doubt. This assignment of error is without merit.

■ For his second assignment of error, appellant asserts the trial court erred by failing to instruct on the lesser included offense of assault and battery as requested. Here, the trial court only instructed on the lesser included offense of assault and battery with a dangerous weapon.

When the accused is charged with assault and battery with intent to kill, no instruction on the lesser included offense of simple assault and battery need be given where the evidence is uncontroverted the assault involved a dangerous weapon. *Hendricks v. State*, 698 P.2d 477, 480 (Okla.Crim.App.1985). In the instant case, the evidence is uncontroverted that appellant assaulted Parks with a dangerous weapon, a Buck folding knife.

It is within the trial court's discretion and responsibility to consider the evidence and determine whether evidence exists to warrant an instruction on a lesser charge. *Rawlings v. State*, 740 P.2d 153, 160 (Okla. Crim.App.1987). After reviewing the record, we cannot find the trial court abused its discretion in refusing to give an instruction on assault and battery. This assignment of error is without merit.

■ Appellant next argues the sentence imposed was excessive. The facts and circumstances of this case reveal the evidence supports the jury's verdict; the record is free from error which would justify a modification or reversal; and the punishment imposed is within the statutory range. *Fincher v. State*, 711 P.2d 940, 942–43 (Okla.Crim.App.1985). Nor does the sentence imposed shock the conscience of the Court, requiring modification of the sentence. *Shultz v. State*, 715 P.2d 485, 488 (Okla.Crim.App.1986). This assignment of error is without merit.

On February 3, 1988, appellant filed a motion with this Court requesting an evidentiary hearing to determine whether his sentence resulted from a quotient verdict. Appellant alleges the jury violated 22 O.S. 1981, § 952, by adding the sentencing recommendations of the individual jurors and dividing the total by twelve to reach their recommended sentence of seven (7) years imprisonment. *See Rowland v. State*, 707 P.2d 1215, 1216 (Okla.Crim.App.1985). On February 5, 1988, this Court ordered the Sequoyah County District Court to conduct an evidentiary hearing. The transcript of that hearing is now before us. After carefully reviewing the direct, cross, and redirect examination of the individual jurors who sat in this case, as well as the testimony of other witnesses and the exhibits offered into evidence, we come to the inescapable conclusion that the jurors used no improper method in reaching their recommended sentence. Appellant's allegation is without basis or merit. We find no abuse of discretion by the trial court in overruling appellant's motion for a new trial based upon juror misconduct.

Accordingly, for the foregoing reasons, the appellant's judgment and sentence should be, and hereby is, AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.